People of the State of Illinois, Plaintiff-Appellee, v. Hinda Baskin, Defendant-Appellant.

Gen. No. 53,421.

First District, Third Division.

December 30, 1969.

J. Edward Jones, of Blue Island, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, and Kenneth L. Gillis, Special Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In a jury trial the defendant was convicted of theft of property valued at $5. She was fined $100 and placed on probation for one year. Defendant contends that the

complaint is defective in that it does not contain an averment of ownership of the property allegedly stolen nor the registered corporate name of the complainant, as distinguished from its popular name, and that the proof was insufficient to establish the corporate existence of the complainant. The defendant also contends that various trial errors were committed and that she was not proved guilty beyond a reasonable doubt, but as we have concluded that the judgment must be reversed because the complaint is defective, it will not be necessary to consider these points.

On May 11, 1966, at about 4:45 p. m. defendant was shopping in the Walgreen Drug Store at 3223 Broadway, Chicago. She had been in the store only a short time when she went to the checkout counter, bought a package of cigarettes and began walking to the exit door. John Titus, assistant store manager, confronted her asking whether she had forgotten to pay for some of the merchandise she had taken. She said "No" and he then asked her to step to the rear of the store so they could talk to Dale Kramer, the manager. Titus, who had been watching the defendant from behind a specially constructed mirror, asked her whether she had in her shopping bag two bottles of hair dye which belonged to the store. She denied having possession of the hair dye, but would not let either man examine the contents of the shopping bag. Titus testified that a short time thereafter the defendant took two bottles of hair dye out of the shopping bag and threw them behind some warehouse baskets. No cash register receipts were found, but defendant said the merchandise had been bought earlier in the week and that she had a receipt for it at home. She denied ever taking anything from the store and also that there was any hair dye in her shopping bag.

The statute under which defendant was charged (Ill Rev Stats, c 38, § 16–1 (1967)) provides in part:

"A person commits theft when he knowingly:

"(a) Obtains or exerts unauthorized control over property of the owner

". . .

"and

"(1) Intends to deprive the owner permanently of the use or benefit of the property; . . . ."

The complaint charges that the offense of theft was committed in that defendant "[K]nowingly exerted unauthorized control over cosmetics of the value of $5.00, intending to permanently deprive the said Walgreen Drug Co. of the use and benefit of the said property. . . ." Nowhere is it alleged that "Walgreen Drug Co." was the owner, nor is Walgreen Drug Co. the proper corporate name, which appears to be "Walgreen Company." In an indictment for theft the ownership of the property allegedly stolen is a necessary averment which must be set forth with accuracy. People v. Berndt, 101 Ill App 2d 29, 242 NE2d 273; People v. Hill, 68 Ill App2d 369, 216 NE2d 212. The same certainty of allegation is required in a criminal complaint. People v. Hill, supra; People v. Ring, 275 Ill App 214. There is no averment that the allegedly stolen property was owned by anyone. The allegation that defendant intended to permanently deprive the said Walgreen Drug Co. of the use and benefit of said property cannot be considered tantamount to such an averment.

■ ■ Section 15–2 of the Criminal Code (Ill Rev Stats, c 38, § 15–2 (1967)) provides that in any offense directed against property, "owner" means a person, other than the offender, who has possession of or any other interest in the property involved and without whose consent the offender has no authority to exert control over the property. Although the language of the complaint seems to imply that the complainant was the owner of the property in question, nothing short of a specific allegation to that effect is sufficient. The purpose served by alleging the name of the person or property injured is to enable the accused to plead either a former acquittal or conviction under the indictment (or complaint) should he be prosecuted again for the same offense. Since the requirement is founded on the protection of the right of the accused against double jeopardy, it is a substantial requirement and not a mere technical rule. People v. Tassone, 41 Ill2d 7, 241 NE2d 419; People v. Walker, 7 Ill2d 158, 130 NE2d 182. Accordingly the judgment of conviction is reversed.

Judgment reversed.

DEMPSEY, P. J. and McNAMARA, J., concur.