THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ERIE McCLINTON, Defendant-Appellant.

(No. 55695;

First District—February 29, 1972.

Judson H. Miner, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Murray Phillip Unger, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court.

After a bench trial defendant was found guilty of petit theft * and sentenced to a term of 90 days. He appeals and submits the following contentions: (1) that the record does not reflect a knowing and understanding waiver by defendant of his right to a jury trial; (2) that defendant was not proven guilty beyond a reasonable doubt; (3) that the sentence of 90 days was excessive.

*Opinion*

■■ In Illinois the trial court is charged with the duty to ensure that the election of a defendant to forego a trial by jury is expressly, knowingly and understandingly discharged. (*People v. Surgeon*, 15 Ill.2d 236, 238, 154 N.E.2d 253.) Defendant does not deny that his right to jury trial was *expressly* waived. He argues that the record, as recited below, fails to reflect a *knowing* and *understanding* waiver:

"THE CLERK: Erie McClinton and Joe Bennett.

THE COURT: Where is Erie McClinton?

MR. McCLINTON: Here.

THE COURT: And Joe Bennett?

MR. BENNETT: Here.

THE COURT: What do you fellows do for a living?

A DEFENDANT: I'm a laborer.

THE COURT: We'll need the public defender. Are you ready for trial?

MR. McCLINTON: Yes, sir.

THE COURT: Are you ready for trial?

---

* Ill. Rev. Stat. 1969, ch. 38, par. 16—1.

MR. BENNETT: Yes, sir.

THE COURT: What do you plead to the charges—to the battery and to the car?

A DEFENDANT: The car, we didn't know nothing about.

THE COURT: How about the battery?

A DEFENDANT: Seen it—

THE COURT: Mr. Public Defender, a battery and a car.

MR. SHERMAN: At this time, there will be a plea of not guilty to the charge. Waiver of jury; trial by this Court. That is to the charge of petty theft—four charges.

THE COURT: Jury waived on all four?

MR. SHERMAN: Yes.

THE COURT: Swear the witnesses.

(Witnesses sworn.)"

We believe that the rule enunciated in *People v. Sailor*, 43 Ill.2d 256, 260-261, 253 N.E.2d 397 adequately disposes of defendant's contention: "Nor do we find merit to the further contention of defendant that the court failed in its duty to see that her waiver of a jury trial was understandingly and knowingly made. (*People v. Surgeon*, 15 Ill.2d 236.) The record reveals that defendant's counsel, in her presence and without objection on her part, expressly advised the court that the plea was 'not guilty' and that a jury was waived. An accused ordinarily speaks and acts through his attorney, who stands in the role of agent, and defendant, by permitting her attorney, in her presence and without objection, to waive her right to a jury trial is deemed to have acquiesced in and to be bound by, his action. [Citations omitted.] As was observed by the court in *Melero* (99 Ill.App.2d at 211, 212): 'The trial court was entitled to rely on the professional responsibility of defendant's attorney that when he informed the court that his client waived a jury, it was knowingly and understandingly consented to by his client. Defendant is not permitted to complain of an alleged error which was invited by his behavior and that of his attorney.' "

Defendant seeks to restrict the applicability of these principles to cases involving defendants who, like the defendant in *Sailor*, have retained private counsel. However, there is no language within that opinion warranting such a limited construction. We note that the distinction which defendant propounds was expressly rejected in *People v. Suriwka* (1972), 2 Ill.App.3d 384, 276 N.E.2d 490, 494. We also perceive nothing in *Sailor* which would require, as a condition precedent to a valid jury waiver, that the record affirmatively reflect that a defendant and his appointed counsel were afforded an opportunity for consultation. Therefore, we hold that the waiver of jury trial by defendant's appointed lawyer, in

defendant's presence and with no objection, constituted an express, knowing and understanding waiver of defendant's right to jury trial.

Defendant's contention that he was not proven guilty beyond a reasonable doubt requires a brief review of the evidence. The prosecution presented two witnesses. Luther Jones testified that he owned the battery which defendant allegedly stole and the 1963 automobile from which it was taken. He parked that car in front of his residence the evening prior to defendant's arrest. Officer Larry French, a Chicago policeman, testified that on August 20, 1970, he witnessed defendant and co-defendant Joe Bennett prying open the hood of a vehicle in a lot, one block from where it was stolen, at 45th and Cottage Grove, Chicago. Upon approaching the lot, he observed defendant in possession of the subject battery. The battery was in a towel. The ignition of the car was on, but no keys were in the ignition. Defendants presented two witnesses, whose testimony suggested that abandoned cars were commonly present in the lot where defendants were arrested. Both defendants also testified, admitting the taking of the battery, but asserting their belief that the automobile had been abandoned.

■■ Defendant contends that the evidence failed to establish the requisite criminal intent, *i.e.*, the intent to permanently deprive the owner of his property. We cannot agree. It is well established that in a trial for theft the required mental state may be deduced by the trier of fact from the facts and circumstances surrounding the alleged criminal act. (*People v. Heaton*, 415 Ill. 43, 112 N.E.2d 131.) In the case at bar the trial court was presented with evidence that defendant took a battery from a recently stolen automobile. Defendant's protestation of a benign intent is undermined by the additional evidence that the ignition was on at the time of the taking and that defendant concealed the battery which he had appropriated. We do not feel that this evidence was so unsatisfactory, improbable or implausible on the issue of intent as to justify disturbing the findings of the trier of fact.

■■ We affirm the court's finding of guilty. However, we agree with defendant's contention that this is an appropriate case for reduction of sentence pursuant to Supreme Court Rule 615(b) (4). At the time of trial defendant was 21 years old. His prior record consisted of a single arrest which resulted in court supervision for one year. Based on these facts and the nature of the offense involved, we believe that probation is warranted. Accordingly, we remand this cause to the trial court for modification of sentence to one year's probation.

Judgment affirmed as modified.

LEIGHTON and SCHWARTZ, JJ., concur.