THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *v.* MAURICE GAY, Appellant.

(No. 55698;

First District—March 20, 1972.

Thomas Grippando and Lorelei Borland, both of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Brian D. Alpert, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

After a bench trial, defendant, Maurice Gay, was found guilty of criminal trespass to a vehicle. (Ill. Rev. Stat. 1969, ch. 38, par. 21—2.) He was sentenced to one year in the County Jail. He appeals, raising solely the contention that he did not understandingly waive his right to trial by jury.

The common law record in this case shows that defendant was duly advised by the court as to his right to a trial by jury; that he elected to waive trial by jury and that the cause was submitted to the court for trial without a jury by agreement between the parties in open court. The cause proceeded to trial upon a complaint filed August 5, 1970, alleging that the offense was committed on July 27, 1970. The duly certified report of proceedings shows that defendant appeared in open court with his counsel, an attorney from the office of the Public Defender of Cook County, on August 5, 1970. The Assistant State's Attorney announced that he was ready for trial. Defendant's attorney stated, "Defendant ready for trial, jury waived, the plea is not guilty." The court then proceeded with the taking of testimony. There is no written waiver of jury trial in the record.

■■ The inviolate right to trial by jury may be waived only "understandingly" and only "in open court." (Ill. Rev. Stat. 1969, ch. 38, par. 103—6.) It has been repeatedly held that whether or not the waiver of trial by jury has been "understandingly" made rests on the peculiar facts of each case and cannot be governed by any precise formula. *People v. Diesel,* 128 Ill.App.2d 388, 392, 262 N.E.2d 15, citing *People v. Wesley,* 30 Ill.2d 131, 133, 195 N.E.2d 708.

In seeking to apply these principles to the case at bar, the State relies upon *People v. Sailor,* 43 Ill.2d 256, 253 N.E.2d 397. In that case, as in the case at bar, defendant's counsel, in the presence of his client, in open court, and without objection or comment from the client, expressly advised the court that a jury was waived. The Supreme Court found that this statement of the attorney in the presence of the client and without objection was a sufficient basis to show that the attorney, as agent, had authority to bind the client so that the waiver of jury trial was legally complete.

The defendant cites a number of authorities but relies principally upon three. *People v. Brownlow,* 114 Ill.App.2d 458, 252 N.E.2d 685; and *People v. McGraw,* 115 Ill.App.2d 444, 253 N.E.2d 518, were both decided before *Sailor.* Therefore, approval of the defendant's contention must rest upon the remaining decision by this court in *People v. Baker,* 126 Ill.App.2d 1, 262 N.E.2d 7. There, this court held that the jury waiver was not understandingly made. In a supplemental opinion, filed after the *Sailor* decision, the court adhered to this conclusion.

We encounter no difficulty in concluding that the *Sailor* decision is governing here and should be followed. We do so for these reasons. In our opinion, the approach to this problem and the reading of the record must rest upon a "practical and realistic" basis, similar to the situation in which sufficiency of a plea of guilty is involved. (See *People v. Marshall,* 23 Ill.2d 216, 218, 177 N.E.2d 835.) The record does not show when the appearance of the Public Defender was filed in behalf of defendant. However, it does show affirmatively and unmistakenly that the case was ably tried by defendant's lawyer. The witnesses for the State were well and intelligently cross-examined. On direct examination, the defendant himself was carefully led through a rather intricate statement in which he attempted to assert his innocence. In the hearing on aggravation and mitigation, the attorney alluded specifically to certain information which he had received from the defendant. In short, the attorney displayed a thorough familiarity with the facts of the case and with the personal life of the defendant which necessarily must have come from long acquaintance with his client or from a rather extended conference.

■■ It follows necessarily that able counsel acted with the full acqui-

escence and consent of his silent client when he told the court that trial by jury would be waived. These factors constitute sufficient basis for us to find that *People v. Baker*, 126 Ill.App.2d 1, 262 N.E.2d 7 is inapplicable here. As well stated in *Baker*, the precise question decided by the court there was, "* * * whether the rule of *Sailor* applies to a case in which a defendant appears in court without counsel and is furnished one the moment when he goes to trial." (126 Ill.App.2d 1, 6, 262 N.E.2d 7.) No such situation exists here.

■■ In addition, this record shows that defendant is a resourceful person of some intelligence. The credible evidence showed beyond reasonable doubt that defendant entered a vehicle owned by the complaining witness, removed the ignition lock by a tool used specially for such procedure and was attempting to start the car with a screwdriver when he was apprehended by a citizen and then arrested. Defendant testified in his own behalf and told a most improbable and fanciful story of innocence. He then addressed the court in his own behalf and went so far as to offer to reimburse the complaining witness for all damage done to the automobile. At no time did defendant ever attempt to repudiate the waiver of jury or the authority of his attorney until this appeal, which is patently a legal afterthought. Furthermore, the statement of the defendant's background made at the hearing on aggravation and mitigation shows that "* * * this defendant was no newcomer to criminal proceedings." (*People v. Richardson*, 32 Ill.2d 497, 500, 207 N.E.2d 453.) This is quite an important factor in determining whether the jury waiver was understandingly made.

■■ We wish to make it clear that in our opinion no distinction should be made in a situation of this type between privately retained and appointed counsel. In *Sailor*, counsel was privately retained and in *Baker* defendant was represented by the Public Defender. The classification of any particular lawyer into either of these categories has no relation whatsoever to his individual ability or to his devotion to the cause of his client. It does not affect the efficacy of the jury waiver in open court. Note *People v. Suriwka*, 2 Ill.App.3d 384, 390, 276 N.E.2d 490.

One further observation is required and proper here. This case was tried in the Municipal Department of the Circuit Court of Cook County. Every experienced practitioner knows that these courts are almost invariably confronted with overcrowded calls. As a general and long established practice in these proceedings, all defendants who wish a jury trial are requested to come forward and their cases are then immediately assigned to a special jury branch. Under such circumstances, if a trial judge is to complete disposition of his docket and keep up with his daily work, it is necessary that he have the right to depend upon the professional re-

sponsibility of a member of the bar who advises him in open court and in the presence of his client that a jury is to be waived. In circumstances almost precisely similar to the case at bar, this court has held that the jury waiver was understandingly made. *People v. Johnson,* 121 Ill.App.2d 97 (General No. 53577, opinion filed February 16, 1970), 257 N.E.2d 121. See also *People v. McClinton* (1972), 4 Ill.App.3d 253.

The judgment appealed from is affirmed.

Judgment affirmed.

BURKE and LYONS, JJ., concur.