THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THEODORE BOYD, Defendant-Appellant.

(No. 55697;

First District—May 10, 1972.

Donald S. Hilliker, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Edward B. Mueller, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant, Theodore Boyd, was found guilty in a bench trial of keeping a house of prostitution. The trial court sentenced the defendant to one year's probation, with the first 60 days to be served in the House of Correction. Defendant raised the following issues for review.

"(1). Defendant's right to a jury trial was not knowingly and understandingly waived;

(2). The trial court erred at the hearing in aggravation and mitigation in considering and relying upon evidence of a prior arrest of defendant which did not result in a conviction."

On September 4, 1970, the defendant appeared before Judge Maurice W. Lee in the Circuit Court of Cook County. The following colloquy took place at the outset of the hearing:

"THE COURT: Are you ready for trial, sir?

Mr. BOYD: Yes, sir.

Mr. LINDMARK: State's ready.

THE COURT: Let's get the Public Defender for them.

[Whereupon the defendants conferred with the Public Defender, and the following proceedings ensued.]

THE CLERK: Ready for trial?

Mr. WALTER: Ready for trial, jury waived, plea of not guilty."

Defendant contends that he did not knowingly and understandingly waive his right to trial by jury.

■■ There is no indication in the record that defendant knew or understood the consequences of a jury waiver. The duty rests on the trial judge to see that the election by a defendant to waive trial by jury is expressly and understandingly made. *People v. Westley,* 30 Ill.2d 131, 195 N.E.2d 708; *People v. Surgeon,* 15 Ill.2d 236, 154 N.E.2d 253.

In *People v. Sailor,* 43 Ill.2d 256, 253 N.E.2d 397, the Illinois Supreme Court held that an accused who permits his attorney, in his presence and without objection, to waive trial by jury is deemed to have acquiesced in and is bound by the attorney's action.

The court in *People v. Baker,* 126 Ill.App.2d 1, 262 N.E.2d 7, noted

that the *Sailor* case was distinguishable because in each of the cases relied upon by the Supreme Court in reaching its decision, the defendant was represented by counsel of his choice, one in a position to advise him long before the waiver of trial by jury was made without objection.

In *Baker*, the defendant went to trial with a lawyer furnished a few minutes before. The Assistant Public Defender stated that the defendant waived his right to a jury trial. The factual situation in the case at bar is practically identical to the factual situation in *Baker*. Therefore, the rule of the *Sailor* case does not apply to a case in which a defendant appears in court without counsel and is furnished one the moment when he goes to trial and the record does not show that the defendant knew or was informed of his right to trial by jury.

In the case at bar, the Public Defender was appointed moments before the trial began. There was no recess in the proceedings for defendant to consult with this newly appointed counsel. The record does not affirmatively show that the defendant knew or was informed of his right to trial by jury and therefore his jury waiver was not made knowingly and understandingly.

In view of our conclusion we need not consider the defendant's second contention.

For the reasons given, the judgment is reversed and remanded for a new trial.

Reversed and remanded.

DIERINGER, P. J., and BURMAN, J., concur.