THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRED PUNYKO, Defendant-Appellant.

(No. 56598;

First District (2nd Division)—January 30, 1973.

Harry J. Busch and Patrick A. Tuite, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, (Elmer C. Kissane, Albert A. Stroka, and James S. Veldman, Assistant State's Attorneys, of counsel,) for the People.

PER CURIAM:

Fred Punyko, hereafter called defendant, was found guilty after a bench trial of the offense of theft in violation of section 16-1(a)(1) of the Criminal Code. (Ill. Rev. Stat. 1971, ch. 38, par. 16-1(a)(1).) The defendant was placed on probation for a period of two years.

On appeal the defendant contends that he was denied his constitutional right to a jury trial; that the trial court erred in denying his motion to suppress; and that he was not proven guilty beyond a reasonable doubt. The evidence, as adduced or stipulated at trial, follows.

Ronald Sapit, a detective with the Cook County Police, testified that he had a report of a stolen 1971 green Ford truck with a Holmes wrecker mounted on the rear. A Holmes wrecker is specially made. On March 9, 1971, he observed the defendant operate a 1971 white-and-black Ford truck, with a Holmes wrecker, on the public streets. Thereafter, he went to the defendant's place of business, a seat cover and radiator shop, in Calumet City. He observed the truck parked outside the rear door. He approached the truck and observed that the serial number on the wrecker, which was in open view, matched the number of the stolen wrecker. He also observed that part of the paint had been chipped and the original color of the wrecker was green. He then entered the defendant's shop and placed the defendant under arrest. Inside the shop, several other parts of the stolen truck were found. The truck that the stolen wrecker was mounted on was not the stolen truck,

Michael Petrlich testified that he is a salesman for Capparros Ford. On December 23, 1970, a 1971 Ford with a Holmes wrecker unit on the back was stolen from him in Hessville, Indiana. The truck and wrecker were painted metallic green. On March 9, 1971, he was called by the Cook County Police and went to the defendant's shop. There he observed the stolen wrecker which had been repainted and had been mounted on a truck which the defendant had purchased from Capparros Ford in January, 1971. He also observed and identified fenders, a hood, doors, and a bumper from the stolen truck, still in their original color.

The defendant testified he operates a body shop in Calumet City, Illinois. His business is rebuilding wreckers. In January, 1971, he purchased a 1971 Ford truck and built a wrecker for it by purchasing individual parts from different people who came into his shop. He denied stealing the truck.

The defendant's first contention is that he did not knowingly waive his right to a jury trial. The basis of this argument is a colloquy between the court and the defense attorney in the presence of the defendant. After the charges were reduced to a misdemeanor without defense objection, the following occurred:

"THE COURT: You wish to waive your right to a trial by jury, submit the cause to trial by this court?

MR. EQUI [defense attorney]: That's correct."

The defendant now argues that this colloquy was ambiguous and does not demonstrate a knowing jury waiver.

■■ We have often held that there is no precise standard to determine if a defendant has made an understanding jury waiver. In *People v. Sailor*, 43 Ill.2d 256, 253 N.E.2d 397, our Supreme Court held that a trial court may rely upon the statement of a defendant's attorney where he waives a jury in open court in the presence of the defendant and such waiver is not objected to by the defendant. In *People v. Kaprelian*, 6 Ill. App.3d 1066, 286 N.E.2d 613, we held that a jury was knowingly waived where the defendant's attorney, in response to a question by the court, stated that a jury was waived. In the case at bar, the statement by the privately retained defense attorney was not ambiguous and effectively waived the right to a jury trial.

The defendant next contends that the trial court erred in denying his motion to suppress. The defendant argues that the original entry onto his land was illegal and, therefore, all evidence flowing from the illegal entry must be suppressed.

■■ The actions of the police in the case at bar did not constitute an illegal search. "A search implies a prying into hidden places for that which is concealed, and it is not a search to observe that which is open

to view. A search implies an invasion and quest with some sort of force, either actual or constructive." (*City of Decatur v. Kushmer*, 43 Ill.2d 334, 253 N.E.2d 425, citing *People v. Marvin*, 358 Ill. 426, 193 N.E. 202.) In the case at bar, the officers first observed the truck being driven by the defendant upon public streets. Several hours later the officers went to the defendant's place of business, which was, by its nature, open to the public, and observed the truck parked outside the rear door. The officers observed, without entering or touching the truck, that the serial number on the wrecker matched the number of the stolen wrecker. The officers also noted that the wrecker was originally green and had been repainted. After their observations, the officers entered the defendant's building and placed him under arrest. The officers, when they entered upon the defendant's land, merely viewed what they had already observed on the public streets. Furthermore, the area entered was a place of business open to the public. Under these circumstances, we find no infringement of the defendant's constitutional right to be free from unreasonable searches and seizures. *People v. George*, 49 Ill.2d 372, 274 N.E.2d 26.

■■■ The defendant's final argument is that he was not proven guilty beyond a reasonable doubt of the theft of the 1971 Ford truck. The defendant argues that he was never shown to have had possession of the truck, but only various, individual parts of the truck and that he presented a reasonable explanation for his possession. The law states that recent, unexplained and exclusive possession of stolen property affords evidence of guilt. (*People v. Smith*, 107 Ill.App.2d 267, 246 N.E.2d 880.) It is also the rule that where a defendant, found in exclusive possession of stolen property, attempts to explain it, he must tell a reasonable story or be judged by its improbabilities. *People v. Meyers*, 412 Ill. 136, 105 N.E.2d 746.

■■ In the case at bar, the defendant was found in possession of a Holmes wrecker, taken off the stolen truck, which the defendant had repainted and mounted on his own truck. Inside the defendant's shop, various other dismembered parts from the stolen truck were also discovered. This evidence did establish possession. (*People v. Nunn*, 63 Ill.App.2d 465, N.E.2d 342.) The defendant testified that he built the wrecker by purchasing individual parts from various unnamed people who came into his shop. As the trial judge noted, the defendant's explanation is unsatisfactory. A careful examination of all of the evidence leads us to the conclusion that the defendant was proven guilty beyond a reasonable doubt.

For the foregoing reasons the judgment of the trial court is affirmed.

Judgment affirmed.