THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES LEWIS, Defendant-Appellant.

(No. 56904;

First District (4th Division)—July 25, 1973.

James D. Doherty, Public Defender, of Chicago, (Sheila Murphy Racey, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and James M. Schreier, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

The defendant, Charles Lewis, appeals from a finding of guilty after a bench trial on a charge of theft from Sears Roebuck & Company. Defendant was sentenced to serve one hundred and twenty days in the House of Correction.

On appeal, defendant contends (1) that the complaint was defective in failing to sufficiently aver the ownership of the property allegedly stolen, (2) that defendant did not knowingly waive his right to a jury trial, and (3) that the court improperly sentenced him to the House of Correction when the latter institution had no drug rehabilitation program and the defendant was an admitted drug addict.

The record reveals that Thornie Olden, a special agent for Sears, arrested defendant on November 20, 1970. Olden stated that he observed the defendant and Betty Harris, the co-defendant, at about 5:30 P.M. in the ladies wear department, and saw the defendant remove a poncho from a rack and place it in a bag. Olden testified that he followed defendant and stopped him outside the building. Defendant, who testified on his own behalf, admitted that he put the poncho in the bag, but said that he thought it was one previously purchased by Betty Harris at another store.

Defendant first contends that the complaint was defective in that it did not sufficiently aver ownership of the property allegedly stolen.

The statute under which the defendant was charged, Ill. Rev. Stat. 1969, ch. 38, par. 16—1, provides in part:

"A person commits theft when he knowingly:

(a) Obtains or exerts unauthorized control over property of the owner * * *

and

(1) Intends to deprive the owner permanently of the use or benefit of the property * * *."

The complaint charged that defendant committed the offense of theft in that he "knowingly obtained unauthorized control over a Woman's Poncho, of the value of less than $150.00 U.S.C., the property of Sears Roebuck & Company with the intention to permanently deprive the said Sears Roebuck & Company of the use and benefit of said property."

Defendant alleges that the complaint is defective in that it does not allege that Sears Roebuck & Company is the proper name of a corporation or that Sears is licensed to do business in the State of Illinois.

■■■ We think that the allegation in the complaint that the goods were "the property of Sears Roebuck & Company" adequately avers that the complainant is a corporate entity capable of owning property.

The use of the word "company" under Section 9 of the Business Corporation Act, Ill. Rev. Stat. 1969, ch. 32, par. 157.9(a), connotes corporate existence. (See *People v. Whittaker*, 45 Ill.2d 491, 259 N.E.2d 787.) This being so, ownership was properly alleged. (*People v. Voleta*, 57 Ill.App.2d 279, 206 N.E.2d 737.) We know of no requirement that the complaint must aver that complainant is licensed to do business in Illinois, nor does defendant suggest any authority for that proposition.

Defendant admits that "Sears Roebuck & Company" is the proper corporate name of the complaining entity. The instant case is therefore distinguishable from *People v. Baskin*, 119 Ill.App.2d 18, 255 N.E.2d 42, cited by defendant. We conclude that there is nothing in the complaint which could have misled defendant in preparing his defense or put him in danger of being placed in double jeopardy. *People v. Cicchetti*, 2 Ill.App.3d 535, 275 N.E.2d 661.

Defendant next argues that he did not make a knowing and understanding waiver of his right to a jury trial. Of course every person accused of a crime has the right to a trial by jury unless understandingly waived. Ill. Rev. Stat. 1969, ch. 38, par. 103—6.

The evidence shows that the court asked defendant if he was ready for trial and he replied that he was. The court swore the witnesses, then asked defendant if he wished to be represented by the Public Defender. The defendant replied he did. The court then said, "All right, pass for the Public Defender." Defendant contends that there was no reflection in the record that there was a recess affording the defendant time to confer with his newly appointed counsel and also that the record fails to affirmatively show that defendant was advised of his right to trial by jury. We disagree.

The record reveals that after the Public Defender was appointed, the court called the case again for trial. The Public Defender answered that defendant was ready. The Public Defender then stated, "Plea not guilty, trial by this court, jury is waived, and we would like to have a Motion to Suppress." After a hearing, the trial court denied the motion to suppress. The Public Defender then again stated that the plea was not guilty; trial by jury was waived, and trial by the court was requested.

Defendant relies on *People v. Baker*, 126 Ill.App.2d 1, 262 N.E.2d 7, for the proposition that where the record does not affirmatively show that defendant was informed of his right to trial by jury, a jury waiver by appointed counsel was not knowingly and understandingly made. In *Baker*, counsel was not appointed until after the charge was reduced from armed robbery to petty theft. After the Public Defender was appointed, there was a "discussion off the record." The Public Defender then stated that defendant was ready, that he pled not guilty, and that

jury was waived. In reversing, the Appellate Court emphasized that the record was devoid of any showing that there was a pause or recess in the proceedings in order to give the defendant a chance to confer with his newly appointed counsel. A nearly identical situation was presented in *People v. Boyd,* 5 Ill.App.3d 980, 284 N.E. 699.

■■ We think the instant case is distinguishable on the facts from both *Baker* and *Boyd.* In the case at bar, the cause was passed after being assigned to the Public Defender for the obvious purpose of preparation. Counsel afterwards made a motion to suppress. When this motion was denied after a hearing, the Public Defender again stated in the presence of the defendant, that the defendant wished to waive a jury trial and be tried by the court. On these facts, we are persuaded that the defendant knowingly and understandingly waived his right to a jury trial.

As stated in *People v. Sailor,* 43 Ill.2d 256, 260, 253 N.E.2d 397, 399, "An accused ordinarily speaks and acts through his attorney, who stands in the role of agent, and defendant, by permitting her attorney, in her presence and without objection, to waive her right to a jury trial is deemed to have acquiesced in, and to be bound by, his action." While we feel that the better practice would be for the court to address the defendant about his desire to waive a jury trial, the record as a whole does not support the claim that he did not knowingly and understandingly waive a jury trial.

■■ Lastly, the defendant complains that since he was an admitted drug addict, it was improper to sentence him to the House of Correction where there was no drug rehabilitation program. The defendant was sentenced to serve a term of four months. Without question, he has already served his sentence. Under the circumstances, this issue appears to be moot.

The judgment of the circuit court is affirmed.

Affirmed.

DIERINGER and JOHNSON, JJ., concur