THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES BRODUS, a/k/a JAMES BRODAUS, Defendant-Appellant.

(No. 59202; 

First District (4th Division)—May 22, 1974.

JOHNSON, J., dissenting.

James J. Doherty, Public Defender, of Chicago (Ira Churgin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Thomas Mauet, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

The defendant-appellant was charged with contributing to the sexual delinquency of a child and on April 18, 1973, in a bench trial, defendant was found guilty. The trial court sentenced the defendant to serve a term of 5 months in the Illinois State Farm at Vandalia. The defendant appeals and contends he did not knowingly and understandingly waive his right to a jury trial. Since only a legal question is raised it is unnecessary to set forth the facts which gave rise to the prosecution. We agree with the defendant and find that there was not a proper jury waiver.

In the trial court the following colloquy took place:

"THE COURT: Would the State be ready to try the case?

MR. COOLEY: State is ready, your Honor.

THE COURT: He is in custody. The State is answering ready. Do you have money to hire a lawyer or to post bond?

MR. BRODAUS: No.

THE COURT: I will give you the Public Defender. [Whereupon the Court Call continued. Subsequently, the following proceedings were had:]

THE CLERK: Sheet 3, Line 32; James Brodaus: Gloria J. Price. Sheet 3, Line 32.

THE COURT: James Brodaus, I appointed the Public Defender. This is a sexual delinquency case. Are you ready for trial?

MR. HARRIS: Yes, Judge.

THE COURT: State ready?

MR. COOLEY: The State has motions to amend the complaint instanter, your Honor.

At this time the State requests leave to amend the complaint— to amend the date of the complaint from 15 February, '73 to 2 March 1973; and also, to include in 'place of offense' the words 'Chicago, Cook County, Illinois.'

THE COURT: Any objection?

MR. HARRIS: No.

THE COURT: It may be amended. Ready for trial on the complaint as amended?

MR. HARRIS: Ready for trial. Plea of not guilty; jury waived.

THE COURT: State ready?

MR. COOLEY: State is ready.

THE COURT: Swear them in. [Witnesses sworn]."

It is readily apparent that in the case at bar defense counsel was appointed moments before the defendant went to trial and under the authority of *People v. Baker,* 126 Ill.App.2d 1, 262 N.E.2d 7 (1970), and *People v. Boyd,* 5 Ill.App.3d 980, 284 N.E.2d 699 (1972), there was not a knowing and understanding jury waiver.

■■ This court is aware of the rule announced in *People v. Sailor,* 43 Ill.2d 256, 253 N.E.2d 397 (1969), that a defendant who allows his attorney in his presence to waive his right to a jury trial is deemed to have acquiesced in and to be bound by his attorney's action. However, we are also cognizant of the decision in *Baker, supra,* which held the *Sailor* rule inapplicable to the factual situation in which a defendant appears in court without counsel and is furnished one the moment when he goes to trial. In such a situation the court held that unless the record affirmatively shows that the defendant knew or was informed of his right to trial by jury a waiver is not made knowingly and understandingly. As this very court stated in *People v. Boyd, supra,* at 982: "* * * The rule of the *Sailor* case does not apply to a case in which a defendant appears in court without counsel and is furnished one the moment when he goes to trial and the record does not show that the defendant knew or was informed of his right to trial by jury." The factual situation in the case at bar is similar to that of *Baker* and *Boyd* and therefore, the defense counsel's statement "Ready for trial. Plea of not guilty, jury waived" was not sufficient to waive the defendant's right to a jury trial. The record does not show that the defendant knew or was informed of his right to a trial by jury.

■■ The State maintains that because the record indicates that there was a period of time between the appointment of defense counsel and the time the defendant's counsel entered a plea of not guilty and waived the defendant's right to a jury trial, the defendant cannot contend that he did not understand his jury waiver. In order to adhere to the State's theory we would have to assume that during the interval of time the defendant's attorney spoke with defendant and advised him of his right to a jury trial. However, no such assumption can be made because we are confined in making our judgment to what is affirmatively shown by the record. As stated in *People v. Surgeon,* 15 Ill.2d 236, 238, 154 N.E. 2d 253, 255 (1958), "The trial court is charged with the duty to see that the election of an accused to forego a trial by jury is both expressly and understandingly made. That duty cannot be perfunctorily discharged. (*People v. Fisher,* 340 Ill. 250.)" And as stated in *People v.*

*Bell* (supplemental opinion), 104 Ill.App.2d 479 at 482, 244 N.E.2d 321 at 323 (1969):

> "It takes but a few moments of a trial judge's time to directly elicit from a defendant a response indicating that he understands that he is entitled to a jury trial, that he understands what a jury trial is, and whether or not he wishes to be tried by a jury or by the court without a jury."

This simple procedure was not followed in the case at bar, nor does the record in any other manner affirmatively show that the defendant knew or was apprised of his right to a jury trial.

The State has cited the cases of *People v. Gay*, 4 Ill.App.3d 652, 281 N.E.2d 738 (1972), and *People v. Taylor*, 13 Ill.App.3d 253, 300 N.E.2d 862 (1973), as authority for the proposition that a valid jury waiver can occur when defense counsel in a defendant's presence makes a statement waiving the defendant's right to a jury trial. While it is true that in both of those cases a proper jury waiver was found to exist, the court made specific reference to the fact that defense counsel had not been appointed just prior to the commencement of the trial.

It is our opinion that the defendant in the case at bar did not knowingly and understandingly waive his right to a jury trial. Therefore, his conviction must be reversed and the case remanded for a new trial.

Reversed and remanded.

DIERINGER, J., concurs.

JOHNSON, J., dissenting:

I would affirm the judgment of the lower court and hold that there was a proper jury waiver.

In the recent case of *People v. Lewis* (1973), 13 Ill.App.3d 688, 691, 301 N.E.2d 159, 161, this court in a similar case referred to the case of *People v. Sailor* (1969), 43 Ill.2d 256, 260, 253 N.E.2d 397, 399, in which the Illinois Supreme Court stated: " 'An accused ordinarily speaks and acts through his attorney, who stands in the role of agent, and defendant, by permitting her attorney, in her presence and without objection, to waive her right to a jury trial is deemed to have acquiesced in, and to be bound by, his action.' " This court stated at page 691:

> "While we feel that the better practice would be for the court to address the defendant about his desire to waive a jury trial, the record as a whole does not support the claim that he did not knowingly and understandingly waive a jury trial."

The recent case of *People v. Punyko* (1973), 9 Ill.App.3d 1052, 293 N.E.2d 672, states at page 1054:

"We have often held that there is no precise standard to determine if a defendant has made an understanding jury waiver. In *People v. Sailor*, 43 Ill.2d 256, 253 N.E.2d 397, our Supreme Court held that a trial court may rely upon the statement of a defendant's attorney where he waives a jury in open court in the presence of the defendant and such waiver is not objected to by the defendant. In *People v. Kaprelian* [1972], 6 Ill.App.3d 1066, 286 N.E.2d 613, we held that a jury was knowingly waived where the defendant's attorney, in response to a question by the court, stated that a jury was waived. In the case at bar, the statement by the privately retained defense attorney was not ambiguous and effectively waived the right to a jury trial."

The rule, as announced in *Sailor*, is applicable to court appointed counsel. (*People v. McClinton* (1972), 4 Ill.App.3d 253, 280 N.E.2d 795). At pages 255-56, the court stated:

"Defendant seeks to restrict the applicability of these principles to cases involving defendants who, like the defendant in *Sailor*, have retained private counsel. However, there is no language within that opinion warranting such a limited construction. We note that the distinction which defendant propounds was expressly rejected in *People v. Suriwka* (1972), 2 Ill.App.3d 384, [389-90], 276 N.E.2d 490, 494. We also perceive nothing in *Sailor* which would require, as a condition precedent to a valid jury waiver, that the record affirmatively reflect that a defendant and his appointed counsel were afforded an opportunity for consultation. Therefore, we hold that the waiver of jury trial by defendant's appointed lawyer, in defendant's presence and with no objection, constituted an express, knowing and understanding waiver of defendant's right to jury trial."

As indicated in *Sailor* and subsequent cases cited, the trial court was entitled to rely upon the professional responsibility of the attorney, and presume from his waiving a jury trial that his client knowingly and understandingly consented to the procedure.

Supreme Court Rules 401 and 402 for a waiver of counsel, waiver of indictment and pleas of guilty require the court to address the defendant personally in open court. There is no such requirement for a waiver of jury where the defendant is represented by counsel and enters a plea of not guilty. The above mentioned Rules are in accordance with *Boykin v. Alabama* (1969), 395 U.S. 238.