THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STANLEY DURHAM, Defendant-Appellant.

(No. 58824;

First District (5th Division)—October 11, 1974.

James J. Doherty, Public Defender, of Chicago (Edmund B. Moran, Jr., and John T. Moran, Jr., Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Stanley L. Hill, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BARRETT delivered the opinion of the court:

Defendant was charged with the offense of theft. (Ill. Rev. Stat. 1973, ch. 38, par. 16—1.) After a bench trial, he was found guilty and was sentenced to a term of 30 days in the House of Correction.

On appeal, defendant raises three contentions: (1) the record does not reflect that he knowingly and understandingly waived his right to trial by jury; (2) statements made by him during the course of a custodial interrogation were improperly admitted into evidence; and (3) certain hearsay testimony was prejudicial.

## I.

Defendant's case was called for trial along with the cases of a Mr. Long and a Mr. Arnold. The following occurred:

"MR. SIMKIN [Assistant State's Attorney]: We will be ready to dispose of this matter.

THE COURT: Are you ready for trial? Do you have an attorney?

MR. DURHAM [defendant]: No.

THE COURT: I will appoint the Public Defender. Pass it."

After an interval of time, the following proceedings were had:

"MR. SIMKIN: Mr. Long's case has been nolle'd, or SOL'd. Mr. Arnold is one year probation.

Have you talked to Mr. Durham?

MR. LASKO [Assistant Public Defender]: We are ready for trial on that one.

MR. SIMKIN: The state will answer ready for trail [sic] on Mr. Durham. We will be ready.

THE COURT: Mr. Durham is charged with petty theft. What is the plea?

MR. DURHAM: Not guilty.

THE COURT: Do you waive jury trial?

MR. LASKO: Jury waived.

THE COURT: Swear the witnesses."

■■ The Illinois Code of Criminal Procedure provides that "[e]very person accused of an offense shall have the right to a trial by jury unless understandingly waived by defendant in open court." (Ill. Rev. Stat. 1973, ch. 38, par. 103—6.) Whether the right to trial by jury has been knowingly and understandingly waived must be decided on the particular facts of each case and cannot be determined by any precise formula. (*People v. Gay*, 4 Ill.App.3d 652, 281 N.E.2d 738.) Our review of the opinions dealing with the issue shows, however, that even in cases presenting virtually identical facts, this court has reached opposite conclusions. The supreme court has recently allowed leave to appeal in a case having facts similar to those of the case at bar, *People v. Brodus*, 19 Ill.App.3d 840, 313 N.E.2d 511. At present we are constrained to consider the apparently conflicting opinions of this court in reaching our decision.

The supreme court has considered the issue before us under somewhat different facts in *People v. Sailor*, 43 Ill.2d 256, 253 N.E.2d 397. In that case, defense counsel, in the presence of the defendant and without objection on her part, expressly advised the court that the plea was "not guilty" and that a jury was waived. In holding that the waiver was understandingly and knowingly made, the court noted that an accused ordinarily speaks and acts through his attorney, who stands in the role of agent. It held that a defendant, by permitting his attorney, in his presence and without objection, to waive his right to a jury trial is deemed to have acquiesced in, and to be bound by, his action. He is not permitted to complain of an alleged error which was invited by his behavior and that of his attorney. *People v. Sailor*, 43 Ill.2d at 260-261.

In *Sailor*, the supreme court reaffirmed the general principle that the trial court has a duty to see that the election of the accused to forego a trial by jury was understandingly and knowingly made. But it specifically held that the trial court, in fulfilling this duty, is entitled to rely on the professional responsibility of defense counsel that when he informed the court that his client waived a jury, it was knowingly and understandingly consented to by his client.

The *Sailor* case did not discuss the application of its holding to court-appointed counsel. This court has concluded that there is no distinction

made between jury waivers by privately retained counsel and by court-appointed counsel insofar as the responsibility of counsel or the effectiveness of the waiver are concerned. The *Sailor* rule applies to both. *People v. Suriwka,* 2 Ill.App.3d 384, 276 N.E.2d 490.

Although the applicability of the *Sailor* rule to court-appointed counsel has repeatedly been recognized, several cases have arisen in which the *Sailor* rule has been limited and an express jury waiver by court-appointed counsel has been held not to be knowingly and understandingly made.

The first of these cases was *People v. Baker,* 126 Ill.App.2d 1, 262 N.E.2d 7. In that case the proceedings commenced as a preliminary hearing of a felony and then became a trial of a misdemeanor. The court appointed the public defender to represent the defendant and his co-defendant. After a "discussion off the record," the public defender was asked whether he was ready. He answered, "Ready for a hearing," "Not guilty, Jury waived." In the original opinion, filed before the decision in *Sailor,* the court held that when a defendant is charged with a serious offense and the record does not affirmatively show he knew or was informed of his right to trial by jury, his waiver of a jury is not made knowingly and understandingly, despite his counsel's express assertion to the court that the jury was waived. (126 Ill.App.2d at 5.) Subsequent to the decision in *Sailor,* the court granted a rehearing. In a supplemental opinion the court took judicial notice that a "discussion off the record" is usually a hurried exchange of words and is neither a pause nor a recess for explanation of the meaning of trial by jury to a defendant who initially appeared in court without counsel. In view of the fact that the defendant appeared in court without counsel, went to trial with a lawyer furnished him a few moments before trial, and did not have a meaningful opportunity to consult with his newly acquired counsel, the court found the rule in *Sailor* to be inapplicable and the attempted jury waiver to be ineffective. 126 Ill.App.2d at 5—9.

In *People v. Boyd,* 5 Ill.App.3d 980, 284 N.E.2d 699, the Public Defender was appointed, he and the defendant "conferred," and the attorney told the court that his client waived his right to jury trial. Noting that there was no recess in the proceedings for the defendant to consult with his newly acquired counsel, the court found the factual situation to be practically identical to that of *People v. Baker.* It held that the defendant did not knowingly and understandingly waive his right to a jury trial, and that "the rule of the *Sailor* case does not apply to a case in which a defendant appears in court without counsel and is furnished one *the moment when he goes to trial* and the record does not show that

the defendant knew or was informed of his right to trial by jury." 5 Ill.App.3d at 982 (emphasis added).

In the instant case, defendant was not furnished counsel the moment he went to trial. Unlike the facts of *Baker* and *Boyd*, the record in this case indicates that the case was passed after the public defender was appointed. A recess in the proceedings occurred. We are unable to ascertain from the record the length of that recess, except to be sure that it was of sufficient duration to allow defense counsel and the State's Attorney to agree that one of the accused would plead guilty and to permit the State's Attorney to consult with the complainant and decide that charges against another defendant would be stricken with leave to reinstate. Nevertheless, we believe the *Sailor* case permits us to infer that the recess was long enough for counsel to discuss with his client the meaning of jury waiver. The *Baker* and *Boyd* decisions do not forbid us from relying on the professional responsibility of counsel that when he informed the court, in the presence of his client, following a recess in the proceedings, that his client waived a jury, the waiver was knowingly and understandingly consented to by his client.

Furthermore, the limitation placed on the *Sailor* rule by *Baker* and *Boyd* has been rejected in several cases. In *People v. McClinton*, 4 Ill.App.3d 253, 280 N.E.2d 795, the court found that nothing in the *Sailor* opinion requires as a condition precedent to a valid jury waiver that the record affirmatively reflect that a defendant and his appointed counsel were afforded an opportunity for consultation. In *People v. Davis*, 21 Ill.App.3d 201, 315 N.E.2d 43, the court held that the public defender's statement, "Plea of not guilty, waive trial by jury," was a valid jury waiver following a "conference * * * off the record" between the defendant and his newly-appointed counsel. Mr. Presiding Justice Hayes, specially concurring, noted that the court was rejecting *Baker* and relying on *People v. Nogas* and *People v. Morgan*.

The relevant facts of *People v. Morgan*, 18 Ill.App.3d 153, 309 N.E.2d 331, are similar to those of the case at bar. The record there indicated that "an interval of time" passed after the public defender was appointed, during which there was a pre-trial conference with the State's Attorney. Defense counsel stated that "Mr. Morgan is ready for trial. The plea is not guilty, and we wish to be tried by this Court." On appeal the court rejected the *Baker* and *Boyd* limitation of the *Sailor* rule and held that the defendant knowingly and understandingly waived his right to jury trial.

In *People v. Nogas*, 18 Ill.App.3d 279, 309 N.E.2d 651, the facts were strikingly similar to those of the case at bar. They differed from those of

*Baker* and *Boyd* largely in that the record indicates that the proceedings were "halted and resumed." The court stated that during the time that elapsed betweeen the appointment of the public defender and the beginning of trial, it appeared that the public defender conferred with the defendant and that the defendant agreed to waive jury trial. Once again, the court refused to apply *Baker* and *Boyd.*

And in *People v. Lewis,* 13 Ill.App.3d 688, 301 N.E.2d 159, the public defender was appointed and the case was passed. In the ensuing proceedings defense counsel stated twice that the jury was waived, and the defendant stood silent. The court distinguished *Baker* and *Boyd* and found that the defendant knowingly and understandingly waived his right to a jury trial.

We note that the circumstances of the instant case differ from those of *People v. Mitchell,* 21 Ill.App.3d 171, 315 N.E.2d 101. In that case, the matter was "momentarily passed" after defense counsel was appointed. At the hearing on the defendant's motion for a new trial, defendant's uncontradicted testimony was that he conferred with his counsel for not more than 2 minutes. Furthermore, the defendant was only 17 years old and had no prior experience in court.

■■ In the instant case the record shows that the defendant had a prior conviction. This is an important factor in determining whether the jury waiver was understandingly made. (*People v. Gay,* 4 Ill.App.3d 652, 281 N.E.2d 738.) And the fact that defendant entered his own plea immediately before defense counsel waived the jury supports the inference that the instant defendant's silence was an act of acquiescence rather than the product of timidity.

We recognize that this court has occasionally applied the *Baker* limitation to cases where the record affirmatively shows that defendant had an opportunity for consultation with his newly appointed attorney during a recess in the proceedings. For example, in *People v. Brodus,* 19 Ill.App.3d 840, 313 N.E.2d 511, the court, faced with facts similar to those of the instant case, refused to infer that in the interval of time between defense counsel's appointment and trial, counsel spoke with his client and advised him of his right to trial by jury. We would agree with the conclusion reached by Mr. Justice Johnson in dissent, that the *Sailor* case authorizes us to make precisely that inference. Such an inference is not far reaching; it rests on the assumption that the defense counsel and the trial court judge were fulfilling their legal and professional responsibilities. Of course, were it to appear in a particular case that the assumption is unwarranted, our conclusion would differ.

The refusal to make the aforementioned assumption seems to be leading to the development of different rules for those represented by coun-

sel appointed the day of trial and for those represented by counsel secured prior to the day of trial. If this is so, in deciding the validity of a jury waiver, we will need to determine when counsel was secured. If the record is silent, which it often is, we will be forced to infer this fact from the circumstances of each case, thus resting our opinions on compound inferences. See *People v. Murrell*, 20 Ill.App.3d 789, 314 N.E.2d 467; *People v. Taylor*, 13 Ill.App.3d 253, 300 N.E.2d 862.

The oft-quoted observation in *People v. Bell*, 104 Ill.App.2d 479, 244 N.E.2d 321, bears repeating:

> "It takes but a few moments of a trial judge's time to directly elicit from a defendant a response indicating that he understands that he is entitled to a jury trial, that he understands what a jury trial is, and whether or not he wishes to be tried by a jury or by the court without a jury." (104 Ill.App.2d at 482.)

Were our trial courts to spend those few moments and elicit an express waiver of jury trial by each defendant personally, the rights of the accused, particularly of those who are ignorant and frightened, would receive additional protection. The certainty afforded by a defendant's personal, express waiver of jury trial would reduce the number of appeals on this issue and aid this court in determining the appeals that did arise.

We have examined the United States Supreme Court decisions cited by defendant in his brief, including *Schneckloth v. Bustamonte*, 412 U.S. 218, 36 L.Ed.2d 854, 93 S.Ct. 2041. None of those cases requires that a defendant personally express his desire to waive trial by jury.

## II.

Defendant's second contention is that oral statements elicited from him during the course of a custodial interrogation by the police were erroneously admitted into evidence because defendant was not apprised of his constitutional rights in accordance with the opinion in *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602. Specifically, defendant claims that the police failed to inform him that he had a right to have an attorney appointed for him prior to interrogation.

The record discloses that at trial the arresting officer testified that before questioning defendant, he read certain warnings to him from a card. The warnings were as follows:

> "[Y]ou have a right to remain silent; anything you say can be used against you; that you have a right to have an attorney present before answering any questions; and if you cannot afford an attorney the Court will appoint one for you."

After the officer read the warnings to defendant, defendant was allowed to read the warnings from the card. After defendant read the

warnings, the officer asked him whether he understood his rights. Defendant answered yes.

Defendant concedes that he was informed of his right to have an attorney present before he answered any questions. But he maintains that the "obvious implication" of the warning that if defendant lacked funds the court would appoint an attorney for him was that defendant had the right to have an attorney appointed when he went to court and not before. We cannot agree.

In *People v. Prim*, 53 Ill.2d 62, 289 N.E.2d 601, our supreme court noted that the *Miranda* opinion does not specify the precise language to be used in advising a suspect of his rights. All it requires is an intelligent conveying to the individual involved of the rights set forth in the opinion. (53 Ill.2d at 67.) In *Prim*, the defendant was advised of his rights, including that if he didn't have money for an attorney, the state would provide him with one. Noting that all of the warnings related to the giving of a statement during the contemplated police interrogation, the supreme court found that it would be a strained construction of the language used to say that it conveyed the meaning that an attorney would be furnished at some future time. Although one part of the warnings viewed by itself may have been subject to a different interpretation, the court found that when viewed in the context of the entire discussion, the part in question could have referred only to the right to have counsel provided for the defendant at the time of the interrogation. 53 Ill.2d at 67.

■■ The warnings in the instant case are substantially similar to those in the *Prim* case. Taken in context, we believe that defendant was adequately informed of his rights. Thus his statements were properly admitted into evidence.

### III.

Defendant's final contention is that he was prejudiced by inadmissible hearsay testimony. The complainant, during cross-examination by defense counsel, testified that one of the co-defendants admitted that he and defendant had found the allegedly stolen property in complainant's yard. The assistant State's Attorney objected "to any statement as to the other defendants. It could be prejudicial in this case." Defense counsel responded that "[it] could be. And it could be exculpatory of the defendant." With the court's permission, the complaining witness continued by saying that "[o]ne of the other defendants had implicated Mr. Durham. He said they had gone into my apartment." Defense counsel moved that "any remarks implicating this man be stricken, any re-

marks by the other men." The trial court's enigmatic ruling was, "You asked the question."

 Defendant was tried by a judge, who is presumed to base his findings only upon competent evidence. (*People v. Hayes*, 3 Ill.App.3d 1027, 279 N.E.2d 768.) The record supports this presumption. In summarizing the complainant's testimony, the judge stated:

> "[Complainant] asked [defendant] the question: 'Why did you go into my apartment?'
> [Complainant] said the defendant's answer was: 'I don't know.' Then he went on with a further conversation, saying he didn't go into the apartment, but he took things from the yard."

Not only did the judge exclude from his account of what had occurred at trial complainant's references to the statements of others, but defense counsel himself proceeded to ask the complainant whether defendant himself admitted entering the apartment and whether it was another defendant who "said something." Defendant may not complain if he has procured, invited, or acquiesced in the admission of improper evidence. *People v. Burage*, 23 Ill.2d 280, 178 N.E.2d 389.

For the reasons stated, the conviction of defendant is affirmed.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.