THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LYNN SPILER, Defendant-Appellant.

(No. 59875;

First District (4th Division)—April 23, 1975.

James J. Doherty, Public Defender, of Chicago (Marc Fogelberg, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Scott W. Petersen, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Lynn Spiler, was charged with the offense of criminal damage to property in violation of section 21—1(a) of the Illinois Criminal Code. (Ill. Rev. Stat. 1973, ch. 38, par. 21—1(a)) On October 15, 1973, defendant was tried by the court, found guilty as charged, and sentenced to a term of 90 days in the House of Correction.

On appeal, defendant contends that (1) he was not proven guilty beyond a reasonable doubt; (2) he did not knowingly and understandingly waive his right to a trial by jury; and (3) he was denied proper sentencing because the trial judge deprived him of his right to make a statement on his own behalf prior to sentencing.

Miss Virginia Lee, daughter of the complainant, was called as the state's first witness, and testified that she resided on the first floor of a three-story brown brick building at 4016 South Prairie Street in Chicago. She stated that the defendant was her boy friend, and that on the night of Saturday, October 13, 1973, she saw the defendant and they had a quarrel. At 2 A.M. she was home and alone. As she was preparing to go to bed, she turned off the lights, and two gun shots came through her bedroom window. Thereafter, she went to the window and peered out through the space between the window and the window shade. She testified that "* * * he was standing there." Although it was dark outside, she could see defendant clearly. He was standing in the grass 3 feet from her window. She observed him for approximately 1 minute and saw a gun in his hand. On cross-examination Virginia Lee testified that some boys defendant knew were also outside the window. She stated that she got a good look at defendant and that he was wearing blue pants and a sweater over his shirt. She did not see him fire either shot, but when she went to the window, he had a gun out and raised.

Vanitta Lee, the complainant and mother of Virginia Lee, also was

called by the State to testify. She stated that the bedroom window was intact when she left the premises on October 13, 1973, and that it had two bullet holes in it when she returned early the following morning.

The defendant testified on his own behalf and stated that he did not see Virginia Lee on the day in question. He denied quarreling with her and declared that the last time he had been with her was the prior night when they watched television until approximately 10 P.M. Defendant further denied any involvement in the shooting incident, and claimed that he never owned a gun. He stated that on Friday, October 12, one Jimmy Kirkendower had driven him to his home in Harvey, Illinois, and that he remained there through Sunday evening. Defendant remarked that his brother accompanied them for part of the drive, but that he exited the vehicle at 51st and State.

Jimmy Kirkendower testified that he drove defendant to the suburbs on October 12, but he did not know where they went or what time they departed. Contrary to defendant's testimony, Kirkendower also stated that defendant's brother accompanied them the full distance to Harvey.

■■ Defendant first contends that he was not proven guilty beyond a reasonable doubt. He argues that the State's entire case was based upon the contradictory and confusing testimony of Virginia Lee who, by her own testimony, did not see the shooting. After a careful review of the record we believe that Virginia Lee told a straight forward account of the incident even though her testimony may have appeared confusing at times. Any discrepancies in her testimony were not of the genre that would require a reversal. Defendant also urges that at no point during the trial was there any direct identification of the defendant as the person who did the shooting, but rather all testimony referred to the purported offender only as "he" or "a man." There is no merit to this argument. The record is clear that the parties and the court understood that Virginia Lee was referring to the defendant as the person who committed the crime. Defendant relies on *People v. Hister,* 20 Ill.App.3d 933, 314 N.E.2d 562, where the majority of the court held that the identification evidence did not produce an abiding conviction of guilt. The facts in the case at bar are not remotely similar to those in *Hister.* It is undisputed that Virginia Lee and the defendant had been friends. She stated that she saw him clearly from a distance of 3 feet, and that she observed him with a gun raised in his hand immediately after the shooting. There is no question but that defendant was identified beyond a reasonable doubt as the person who committed the crime. Defendant also contends that his alibi should have been given credence over the testimony of Virginia Lee. We can only say that defendant's alibi testimony appeared very weak and contradictory. It is preeminently the function of the trial

judge who sees and hears the witnesses to resolve any conflict in the testimony. (*People v. Clark*, 52 Ill.2d 374.) The court was not obliged to accept defendant's alibi testimony. Accordingly, we hold that defendant was proven guilty beyond a reasonable doubt.

Defendant next contends that he did not knowingly and understandingly waive his right to a trial by jury. The record shows that the cause was called for trial in the First Municipal District of the Circuit Court on October 15, 1973, 2 days after the shooting. Because defendant was not represented by counsel, the court appointed the public defender to represent him, and passed the case in order to permit defendant adquate opportunity to confer with his appointed counsel. Later that day the case was recalled and the following colloquy occurred.

"MR. MAJEROWICZ [Public Defender]: We are ready for trial, your Honor.

THE COURT: All right, Mr. State's Attorney, defense is ready on Spiller [*sic*]. Plea, counsel?

MR. MAJEROWICZ: Not guilty, your Honor.

THE COURT: What about a jury?

MR. MAJEROWICZ: Jury is waived, your Honor."

Defendant stresses that the record is barren of any showing that he was apprised of his right to a trial by jury. He argues that there is no evidence that the issue was discussed in conference with his attorney, or that the judge apprised him of such right in open court.

■■ As stated in *People v. Sailor*, 43 Ill.2d 256, an accused ordinarily speaks and acts through his attorney who stands in the role of agent; and a defendant by permiting his attorney, in his presence and without objection, to waive his right to a jury trial is deemed to have acquiesced in and be bound by his action. Defendant relies heavily on the decisions in *People v. Murrell*, 20 Ill.App.3d 789, 314 N.E.2d 467, and *People v. Brodus*, 19 Ill.App.3d 840, 313 N.E.2d 511, wherein the appellate court limited the application of *Sailor*. We note that on consolidated appeal the supreme court recently overruled those decisions and reasserted its holding in *Sailor* with even more vigor. (*People v. Murrell*, 60 Ill.2d 287.) The court stated that the preferred procedure is for the trial judge to advise the defendant of his right to a trial by jury. However, it stated that such a procedure is neither constitutionally nor statutorily required. Accordingly, we hold that the public defender's statement in open court and in the presence of defendant that a jury trial was waived, constituted a valid jury waiver.

Lastly, defendant contends that he was denied a proper sentencing because the trial judge did not allow him to make a statement prior to sentencing. The record discloses that after the defendant was found

guilty, he asked the judge, "Hey, don't I get a chance to say something?" The court addressed the attorneys and inquired whether there was anything in aggravation. The State's attorney informed the court that the defendant had three prior convictions and had served time in the House of Correction. In mitigation defense counsel suggested probation and gave his reasons. Thereafter, the court commented that this was not a proper case for probation and sentenced the defendant to serve 90 days in the House of Correction. Defendant then stated: "Your Honor, I still didn't get a chance to say nothing." The court called the next case without acknowledging defendant.

Section 5—4—1(a) of the Illinois Code of Criminal Procedure provides:

> "(a) After a determination of guilt, a hearing shall be held to impose the sentence. At the hearing the court shall:
>
> \* \* \*
>
> (5) afford the defendant the opportunity to make a statement in his own behalf." Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—1(a).

The record does disclose that the defendant was not afforded an opportunity to make a statement, but we note that prior to sentencing his counsel did speak on his behalf. As stated in *Hill v. United States,* 368 U.S. 424, 428, 7 L.Ed.2d 417, 421, 82 S.Ct. 468, in affirming the denial of defendant's motion to vacate the sentence:

> "The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. It is an error which is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure."

A hearing in mitigation and aggravation was held at which defendant's prior criminal record was considered as well as defense counsel's remarks. It is clear that the court did not believe the defendant's version of the occurrence. We hold that the omission by the court to permit defendant to make a statement is a technical or formal error which does not require a reversal. While we do not condone the action of the trial court, we are satisfied that under the circumstances the sentence imposed would not have been otherwise. *People v. Anderson,* 48 Ill.2d 488.

For the reasons stated the judgment is affirmed.

Judgment affirmed.

DIERINGER, P. J., and ADESKO, J., concur.