(No. 14128.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. THOMAS WHITE, Plaintiff in Error.

*Opinion filed December 22, 1921.*

1. CRIMINAL LAW—*when time allowed for argument in support of motion for new trial is sufficient.* Where the time for hearing arguments in support of a motion for new trial is set for the day following the return of the verdict, and counsel do not ask for further time than is allowed them but appear and argue the motion, the presumption is that sufficient time was allowed.

2. SAME—*when beginning trial on day court appoints counsel for defendant is not error.* Where the defendant is not represented by counsel and the court appoints an attorney to defend him, and it is not shown that the defendant or the attorney asked for time in which to prepare for the trial, it is presumed that an immediate trial was desired and there is no error in proceeding with the trial at once.

3. SAME—*judgment against defendant by his true name need not mention his alias.* Where a defendant is indicted under his true name as "Thomas White, otherwise called Thomas McGuirk," it is not a valid objection that the judgment against him is under his true name without mentioning his alias.

4. SAME—*when objection that indictment charged two felonies is waived.* An objection that the indictment charged burglary and receiving stolen property, in different counts, is not ground for reversal of a judgment of conviction for burglary, where the defendant made no motion to quash or to require the People to elect, but, so far as the record shows, willingly pleaded to the indictment and went to trial.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ANTON T. ZEMAN, Judge, presiding.

DANIEL M. DEVER, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, HENRY T. CHACE, JR., and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error was indicted at the November term, 1919, of the criminal court of Cook county. The indictment in different counts charged him with the crime of burglary and receiving stolen property. He was indicted under the name of "Thomas White, otherwise called Thomas McGuirk." He pleaded not guilty, and the cause came on for trial January 14, 1920. He was not represented by counsel, and the court appointed Francis V. Healy to represent and defend him. A jury was called, impaneled and sworn the same day and the trial was concluded that day, resulting in a verdict finding the defendant, Thomas White, alias Thomas McGuirk, guilty of burglary in manner and form as charged in the indictment, and that he was twenty-eight years of age. On the return of the verdict plaintiff in error entered a motion for a new trial. The court set the motion for hearing at two o'clock in the afternoon the next day, when it was heard, overruled and judgment pronounced on the verdict. The record shows counsel were heard in support of the motion and in opposition to it before the motion was denied. Plaintiff in error was sentenced to the penitentiary, where he is now confined. He was given sixty days in which to file a bill of exceptions but none was filed, and we have only the common law record before us.

It is urged as grounds for reversal that the court abused its discretion in permitting the defendant charged with two felonies to be tried on the same day counsel was appointed to defend him; that the court erred in setting the argument on the motion for a new trial on the day following the return of the verdict; that the indictment charges Thomas White, otherwise called Thomas McGuirk, with the commission of two felonies, and the judgment of conviction is against Thomas White, only.

The record does not show, and it is not asserted by counsel, that plaintiff in error or the attorney appointed by

the court to defend him asked or desired time to prepare for trial. For aught that appears they were ready and desired an immediate trial. The situation presented in *People* v. *Bopp,* 279 Ill. 184, and *North* v. *People,* 139 id. 81, relied on by plaintiff in error, was entirely different from the case here. In both of those cases the defendants were indicted for murder, and when counsel was appointed to defend them a continuance was asked for the purpose of enabling counsel to perpare the defense. The motions for continuance were supported by affidavits made by counsel and others. Counsel's affidavits set up that time would be necessary to enable them to prepare for trial, and also in both cases that counsel had other engagements and duties which would not permit them then to enter upon the trial. This court held that under the circumstances shown a continuance should have been granted. It does not appear in this case that plaintiff in error asked or desired further time than was allowed by the court to prepare for the motion for a new trial. The record shows that his counsel was present and argued the motion, and the presumption is warranted that no further time was needed than was given.

Plaintiff in error made no motion to quash the indictment because it charged two offenses and made no motion to require the People to elect. So far as this record shows he willingly pleaded to the indictment and went to trial.

There is no merit in the contention that the judgment should be reversed because it was against plaintiff in error in his true name and did not mention his alias.

The evidence not having been preserved by bill of exceptions, it is to be presumed that plaintiff in error was proven guilty beyond a reasonable doubt.

The judgment is affirmed.    *Judgment affirmed.*