(No. 29873.-

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN STARYAK, Plaintiff in Error.

*Opinion filed March 19, 1947—Rehearing denied May 19, 1947.*

JOHN STARYAK, *pro se.*

GEORGE F. BARRETT, Attorney General, for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

Plaintiff in error, John Staryak, in May, 1936, upon a plea of guilty of robbery while armed, was sentenced by the circuit court of Macoupin county to imprisonment in the Illinois State Penitentiary for a term of not less than

one year and until discharged by due process of law. He has sued a writ of error out of this court to review the record of his conviction. Three other defendants were indicted along with plaintiff in error. One E. N. Nevins was appointed to represent two of the defendants, and J. P. Madden, an attorney, was appointed to represent plaintiff in error and the other defendant. The indictment was returned on May 25, 1936, and on May 27, 1936, all four defendants were arraigned. The record shows that each defendant was furnished with a copy of the indictment and a list of witnesses. The right to trial by jury was waived in writing. Each defendant was duly cautioned and admonished by the court as to the consequence of his plea and each pleaded guilty to the crime of robbery while armed in manner and form as charged in the indictment, and sentence followed.

Plaintiff in error has filed only the common-law record containing the judgment entered in his case. He has specified three alleged errors. The first alleged error is assigned as follows:

"1. The Court below erred, when it furnished the defendant with a copy of the indictment, appointed counsel, arraigned him, accepted his plea and convicted him on the same day, thereby depriving said defendant of procedural due process of law, contrary to section 1, of the Fourteenth Amendment to the Constitution of the United States, and Article 2, Section 2, of the Illinois constitution in that it forced him into trial with such expedition as to deprive him of a fair trial with the effective aid and assistance of counsel."

The return of the indictment and all of the following proceedings above outlined transpired on the same day, and plaintiff in error contends that he was thereby deprived of due process of law; that he was forced into trial with such expedition as prevented him from having a fair trial with the effective aid and assistance of counsel.

We see nothing in the record in this case which indicates that plaintiff in error was either rushed or forced into trial against his wishes. Upon being arraigned, counsel was appointed to represent him. There was no application for delay. He concedes there is no question about the competency of counsel thus appointed. Very often, in cases of like character, there is an urge on the part of a defendant to have the trial at once. Here, he was warned and admonished as to the consequences of a plea of guilty. Every safeguard appears to have been afforded him. In *People* v. *White,* 300 Ill. 239, a defendant was indicted for burglary and receiving stolen property. When the case was called for trial he had no lawyer and the court appointed counsel to represent him. A jury was impaneled and sworn, and the trial concluded the same day, resulting in a verdict of guilty. On review of the record in this court, it was urged as ground for reversal that the court abused its discretion in permitting the defendant charged with two felonies to be tried on the same day counsel was appointed to defend him. This court there stated: "The record does not show, and it is not asserted by counsel, that plaintiff in error or the attorney appointed by the court to defend him asked or desired time to prepare for trial. For aught that appears they were ready and desired an immediate trial." In *People* v. *Street,* 353 Ill. 60, we said: "It is only where the record shows that the trial court has abused its discretion in denying reasonable time for the preparation of the defense that a reviewing court will interfere." We do not find any support in the record for the assertion that the court abused its discretion in accepting the plea of guilty in this case and imposing sentence on the same date.

The second error assigned is based upon the record showing that the court proceeded to render judgment upon a plea of guilty without first requiring the defendant to persist in his plea and then accepting and recording the

same as required by section 4 of division XIII of the Criminal Code, (Ill. Rev. Stat. 1941, chap. 38, par. 732,) constituting, it is alleged, a denial of due process of law.

Section 4 of division XIII of the Criminal Code is in part as follows:

"In cases where the party pleads 'guilty,' such plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea; after which, if the party persists in pleading 'guilty' such plea shall be received and recorded, and the court shall proceed to render judgment and execution thereon, as if he had been found guilty by a jury."

The cases of *People* v. *Fulimon,* 308 Ill. 235, and *People ex rel. Crowe* v. *Williams,* 330 Ill. 150, relied upon by plaintiff in error, do not pass upon the exact question. In the *Fulimon case* the memorandum kept by the clerk of the court failed to show that the defendant was duly advised or admonished by the court of the consequences of entering his plea, and the opinion stated: "The record must show that the statute was complied with and that a plea of guilty was entered only after the court had fully explained to the accused the consequences of entering his plea and after the accused had persisted in pleading guilty." The complete absence of any compliance with section 4 of division XIII of the Criminal Code, would, of course, be reversible error, but that is not the case here.

In the *Williams case* the defendant pleaded guilty to a charge of murder in the criminal court of Cook county and was sentenced to the penitentiary for his natural life. The defendant sued out a writ of *habeas corpus* challenging the jurisdiction of the trial court to sentence him upon his plea because the record failed to affirmatively show that he persisted in his plea. The trial court discharged him upon that ground but this court held that *habeas corpus* was not the proper remedy and awarded a writ of *mandamus* to expunge the order of the trial court. In com-

menting upon the question raised, this court said: "This omission could be no more than an irregularity in the proceedings on the trial, reviewable in this State only upon a writ of error emanating from a court of review."

While the judgment here does not specifically follow the wording of section 4 in that there is no showing that defendant persisted in his plea of guilty, the record does affirmatively show that he was "duly cautioned and admonished by the court as to the consequences of his plea" and that afterwards he entered the plea of guilty. Considering the entire record, we believe that the intent and the requirements of the statute have been substantially complied with and that no reversible error exists because the judgment order did not technically recite that the defendant persists in his plea of guilty. *People* v. *Collins,* 353 Ill. 468; *People* v. *Uschold,* 257 Ill. App. 176.

In his third assignment, the plaintiff in error urges that because the circuit court "presumably of its own motion" appointed counsel for defendant, he was deprived of selecting counsel of his own choice, which warranted a reversal and remandment of the cause. There is nothing in the record tending to show that plaintiff in error made any objection whatever to having counsel appointed for him, or any request to employ counsel of his own. So far as it is shown in the record the counsel appointed discharged his full duty to his client, and we do not find any error in such procedure. Fully considering the points raised by plaintiff in error and on a study of the whole record, we do not find any reversible error, and the judgment of the circuit court of Macoupin county is affirmed.

*Judgment affirmed.*