(No. 33708.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES KENDALL, Plaintiff in Error.

*Opinion filed January 19, 1956.*

JAMES KENDALL, *pro se*.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, EDWIN A. STRUGALA, IRWIN D. BLOCH, JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and WILLIAM L. CARLIN, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, James Kendall, prosecutes this writ of error to review a judgment of the criminal court of Cook County whereby he was found guilty of unarmed robbery and sentenced to the penitentiary for a term of not less than 19 years nor more than 20 years. He appears *pro se* and presents only the common-law record. As grounds for reversal he contends, first, that he was forced to trial with such dispatch as to be denied the effective assistance of counsel and due process of law and, second, that he was denied the right of trial by jury.

Recourse to the common-law record, which here circumscribes the extent of our inquiry, discloses that defendant was charged with both armed and unarmed robbery by an indictment returned in April, 1948. Early in May of the same year the public defender was appointed to defend him

and, upon arraignment, defendant entered a plea of not guilty. On June 16, 1948, the court granted leave to the public defender to withdraw from the cause and permitted two attorneys to file their appearance as defendant's counsel. Thereafter, on the same day and after being fully advised by the court, defendant waived a jury and submitted to a bench trial which resulted in his conviction on the charge of unarmed robbery.

Speaking *de hors* the record, defendant states that he was given only 15 minutes to confer with his newly "appointed" counsel and argues that the action of the court in forcing him to trial denied him the effective assistance of counsel and due process of law. We find nothing, however, which indicates that defendant was rushed or forced into trial against his wishes. The reasonable intendment of the record is that the counsel who supplanted the public defender were of defendant's own choosing, rather than court appointees, and in the absence of any request on their part for additional time in which to prepare, it would appear, for all that is shown in the record, that they were ready and desired an immediate trial. (Cf. *People* v. *White,* 300 Ill. 239; *People* v. *Staryak,* 396 Ill. 573.) The rule well established by the decisions of this court is that it is only where the record shows that the trial court has abused its discretion in denying a reasonable time for the preparation of a defense that a reviewing court will interfere. (*People* v. *Street,* 353 Ill. 60; *People* v. *Terry,* 366 Ill. 520; *People* v. *Conn,* 391 Ill. 190, *certiorari* denied 326 U.S. 791.) Thus in the absence of a showing in the record that defendant either requested or was refused additional time in which to prepare his defense, we must hold his present contention to be without merit.

Defendant's concluding assignment of error appears to be that he was wrongfully deprived of a jury trial. To support such contention he again departs from the record and asserts that, just prior to trial, an agreement was made

between the State's Attorney and his counsel, whereby it was agreed that if defendant would waive a jury trial, the State's Attorney would see to it that he would be tried on confidence game charges rather than robbery as charged in the indictment, and that he would receive a sentence of from one to two years. In now assigning error defendant says "it was error on the part of the court to allow such an agreement * * * when in all reality the court knew that defendant would be tried for the crime of robbery."

While the unlikelihood that experienced court and counsel would condone or enter into an agreement of such inherent legal impossibility taxes credibility, it is sufficient to point out that we are not at liberty to consider the contention made. Where review is had on the common-law record the sole matter that may be considered by the reviewing court is error appearing on the face of the record, and matters may not be added by argument, affidavit or otherwise, to supply or expand the record. (*People* v. *Loftus,* 400 Ill. 432; *People* v. *Iasello,* 410 Ill. 252.) Here the record shows nothing to support the contention now made. What it does show is that the court advised the defendant of his right to trial by jury, that defendant adhered to his decision to waive such right, that defendant was found guilty of robbery unarmed, and that unsuccessful motions for new trial and in arrest of judgment were presented with no mention of the error presently claimed. Inasmuch as our inquiry is circumscribed by what the record contains, we must conclude that there is nothing to indicate that defendant did not have the fair trial which the law contemplates.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*