(No. 33944.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM DAYTON JONES, Plaintiff in Error.

*Opinion filed November 26, 1956.*

WILLIAM DAYTON JONES, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and CARL D. SNEED, State's Attorney, of Marion, (FRED G. LEACH, EDWIN A. STRUGALA, and ROBERT L. BUTLER, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

By an indictment returned on February 4, 1947, to the circuit court of Williamson County, William Dayton Jones, the defendant, was charged with having murdered his wife, Myrtle Jones, on December 21, 1946. Thereafter, on February 8, 1947, defendant appeared in court attended by counsel of his own choice and, after due admonition by the court, entered a plea of guilty. The court accepted the plea and subsequently sentenced defendant to imprisonment in the penitentiary for life. Appearing *pro se* and presenting only the common-law record, he prosecutes this writ of error to review the judgment of conviction.

As grounds for reversal he contends that numerous errors combined to deprive him of the fair and impartial trial guaranteed to him by the United States constitution. The first error assigned is that he was not given a preliminary hearing in the cause at any time before judgment and sentence. Inasmuch as defendant was tried on an indictment which contained full information concerning the crime with which he was charged, a preliminary hearing was neither required nor necessary. *People* v. *Jones,* 408 Ill. 89.

Further error assigned is, first, that defendant was not presented with a list of the jurors previous to arraignment and, second, that the court failed to hear evidence in aggravation or mitigation of the charge. From an examination

of the record we find that both contentions are completely refuted by the recitals contained in the judgment of conviction, a matter which defendant failed to include in his abstract. It is a commonplace principle of criminal law that the common-law record imports verity and cannot be impeached or contradicted except by other matters of record. (*People* v. *Brown,* 3 Ill.2d 623; *People* v. *Connors,* 413 Ill. 386.) Inasmuch as no contradiction appears upon the points raised, we must conclude that they are without merit.

The balance of the errors assigned by defendant are: (1) that his counsel was incompetent; (2) that he was not afforded sufficient time to prepare his defense; and (3) that his counsel was not furnished a copy of the indictment until the day of defendant's arraignment. It is manifest that none of such points are reviewable on the common-law record. A determination of whether an accused has been properly and competently represented by counsel can be made only from an examination of a bill of exceptions. (*People* v. *Clifton,* 408 Ill. 475; *People* v. *Lantz,* 387 Ill. 72.) Similarly it has long been held that where there is nothing in the record to show that a request for continuance was made or ruled upon, the defendant cannot, on review of the common-law record only, raise the question of the failure of the trial court to allow sufficient time to prepare for trial. (*People* v. *Brown,* 3 Ill.2d 623; *People* v. *Saxton,* 400 Ill. 257.) In the absence of a request for continuance the presumption is that defendant and his counsel were ready and desired an immediate trial. (*People* v. *Kendall,* 7 Ill.2d 570; *People* v. *White,* 300 Ill. 239.) The same result must be applied to the contention that defendant was prejudiced when his counsel was not furnished a copy of the indictment until the day of arraignment. Absent a motion and a ruling thereon by the court, preserved in a bill of exceptions, such a matter remains *de hors* the common-law record.

Apart from this, we note that the only requirement of the Criminal Code is that a defendant be furnished a copy of the indictment "previous to his arraignment." Ill. Rev. Stat. 1947, chap. 38, par. 729.

We do not find in this record that defendant was in any manner deprived of his constitutional rights to a fair and impartial trial. Finding no error, the judgment of the circuit court of Williamson County is affirmed.

*Judgment affirmed.*