(No. 42353.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JAMES F. COLEMAN, Appellant.

*Opinion filed May 27, 1970.*

JEROME ROTENBERG, of Rotenberg, Schwartzman & Richards, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and THOMAS HOLUM, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant James Coleman and a co-defendant, Ronald Hiller, were arrested on March 29, 1969, and charged with aggravated battery in connection with a shooting the previ-

ous day. On March 31, 1969, the defendants appeared before the circuit court of Cook County, and accepted the appointment of the Public Defender. Following a conference between defendants and their counsel, the State amended each complaint to charge aggravated battery as a misdemeanor, thereby eliminating the possibility of a penitentiary sentence. (*People* v. *Novotny*, 41 Ill.2d 401.) This was of particular significance as to Coleman, who had a record of a prior arrest for burglary resulting in his conviction of theft. Following a second conference with defendants, the Public Defender announced ready for trial, pleading not guilty and waiving a jury. A joint bench trial followed, resulting in a finding of guilty as to each defendant. Codefendant Hiller was admitted to probation for one year with the first 60 days to be spent in the House of Correction, and he has not appealed. Coleman was sentenced to a term of nine months; he now appeals from the denial of a motion for a new trial, claiming a denial of the right to effective assistance of counsel.

The facts of the occurrence were first stated at trial by the victim, who testified that he was with a group of friends in a restaurant when the defendants entered, walked around and left. Thereupon the victim and several others left the restaurant to return to school; he heard several gunshots, and was wounded in the foot. The two defendants were the only persons he observed in the direction from which the shots were fired. The only other witness for the State testified that as he approached the restaurant, he saw the defendants leave, walking backwards. When Coleman was a short distance away, he pulled out a gun and fired in the direction of the victim. The two defendants both testified that upon entering the restaurant, they encountered a large number of Blackstone Rangers. Being members of the Disciples, a rival gang, they retreated. After backing out of the restaurant, they ran. They heard some shots, but they did not fire them. It was suggested that the victim must

have been accidentally wounded by a member of his own gang.

Coleman contends that he was not given an adequate opportunity to confer privately with the Public Defender, and that counsel had no time to investigate and subpoena witnesses. Yet neither defendant nor his appointed counsel ever suggested to the trial court that their conferences were hindered by a lack of privacy, and there was never a request for a continuance for any purpose. The court had no reason to believe that additional time was needed for preparation or that any prospect existed for fruitful investigation. There was never any intimation whatever by the court that a continuance would not be allowed if requested. The court did not hasten the defendants to trial; the Public Defender voluntarily announced ready for trial following his second conference with the defendants. There has been no suggestion by defendant that he somehow felt constrained, against his will or judgment, to acquiesce in the Public Defender's decision to proceed to trial, and therefore we must conclude that defendant desired to go forward without delay. It cannot be the court's constitutional duty to order a continuance on its own motion for the supposed benefit of a defendant, when his appointed counsel announces ready for trial directly following a conference with the defendant. As we have stated before, "The rule well established by the decisions of this court is that it is only where the record shows that the trial court has abused its discretion in denying a reasonable time for the preparation of a defense that a reviewing court will interfere. (*People* v. *Street,* 353 Ill. 60; *People* v. *Terry,* 366 Ill. 520; *People* v. *Conn,* 391 Ill. 190, *certiorari* denied 326 U.S. 791.) Thus in the absence of a showing in the record that defendant either requested or was refused additional time in which to prepare his defense, we must hold his present contention to be without merit." *People* v. *Kendall,* 7 Ill.2d 570, 572, *cert.* denied,

351 U.S. 957, 100 L. Ed. 1479, 76 S. Ct. 857; accord, *People* v. *Jones,* 9 Ill.2d 481, 483.

Furthermore, defendant has made no showing of prejudice resulting from the alleged lack of preparation. Defendant's version of the occurrence was simple, and it was forthrightly presented at trial. There has been no complaint that the appointed counsel misapprehended defendant's view of the facts, nor does the record suggest such a conclusion. The State's witnesses were vigorously and thoroughly cross-examined. Defendant has never pointed to any potentially favorable witnesses who might have been available. Thus, even if a continuance had been requested and denied, defendant has presented no basis for relief. "Before it can be said that such a motion [for continuance for additional time to prepare] has been improperly denied, it must appear that the refusal to grant additional time has in some manner embarrassed the accused in his defense and thereby prejudiced his rights. (*People* v. *Solomon,* 24 Ill.2d 586; *People* v. *Ritcheson,* 396 Ill. 146.)" *People* v. *Wilson,* 29 Ill.2d 82, 92, *cert.* denied, 377 U.S. 955, 12 L. Ed. 2d 499, 84 S. Ct. 1634, reh. denied, 379 U.S. 873, 13 L. Ed. 2d 81, 85 S. Ct. 22; accord, *People* v. *Latimer,* 35 Ill.2d 178, 181.

We are of the opinion that defendant received the effective assistance of competent counsel, and we accordingly affirm the judgment of the circuit court of Cook County.

*Judgment affirmed.*