THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDDIE MURRELL, Defendant-Appellant.

(No. 59036;

First District (4th Division)—June 12, 1974.

Paul Bradley and Brenda E. Richey, both of the State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Dennis J. O'Hara, Assistant State's Attorneys, of counsel, and Forrest M. Tatel, Senior Law Student), for the People.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

The defendant, Eddie Murrell, was arrested in the early morning hours of February 8, 1973, and charged with the offenses of theft of property valued at less than $150 and battery that had occurred shortly before the arrest. Later that same day, February 8, 1973, defendant was tried in the Circuit Court of Cook County, before the Honorable Lawrence I. Genesen. Defendant was found guilty of theft and battery against Isaiah Brewer and not guilty on the same charges against Robert Osburn. Following a hearing in aggravation and mitigation, defendant was sentenced to probation for 1 year, and a term of periodic imprisonment for 3 weekends. A notice of appeal from the conviction was filed immediately after the trial on February 8, 1973. On the following day, February 9, 1973, the State moved to vacate the sentence imposed, offering evidence that, contrary to the State's presentation the day before, the defendant had a prior record of criminal conviction and asking that a new sentence be imposed. The court granted this motion the same day that it was

filed and sentenced the defendant to the Illinois State Farm at Vandalia for a term of 7 months.

Defendant brings this appeal contending that:

(1) The record does not reflect a knowing and intelligent waiver of his right to trial by jury;

(2) He was not proven guilty beyond a reasonable doubt;

(3) It was error for the trial court to vacate the original sentence and impose a new sentence; and

(4) It was error to sentence the defendant for two offenses arising out of the same transaction.

It is necessary for this court to consider only defendant's first contention; that the record does not reflect a knowing and intelligent waiver of his right to a trial by jury. The record on appeal contains the following discussion between the trial judge, the Assistant State's Attorney, and the Assistant Public Defender appointed to represent defendant:

"THE COURT: Let's get on with it. Have you filed your charges now?

MR. DeJOHN: [Assistant State's Attorney]: Yes Judge, we have four reduced charges in total.

THE COURT: Let me have them. Kidd (phonetic) is charged with battery on the person of Robert Osburn. Is that the only charge against Kidd?

MR. PTACEK [Assistant Public Defender]: No, your Honor.

MR. DeJOHN: The battery charge—

MR. PTACEK: All defendants plead not guilty, waive trial by jury, ready for trial.

THE COURT: All right, where is the—all right, plead not guilty, jury waived, swear the witnesses."

There is nothing else in the record aside from this colloquy regarding the waiver of defendant's right to a trial by jury.

■■ The Illinois Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 103—6) provides that: "Every person accused of an offense shall have the right to a trial by jury unless understandingly waived by defendant in open court." Whether or not this waiver is made knowingly and understandingly must be decided on the facts presented by each case. (*People v. Thomas*, 10 Ill.App.3d 651, 295 N.E.2d 234.) No specific formula exists to test a jury waiver and the record of a purported waiver must be examined by this court when the issue arises to determine if the waiver in that particular instance was properly accepted. (*People v. Geary*, 8 Ill.App.3d 633, 291 N.E.2d 13.) Looking at the record of the instant case, we cannot say that the waiver of defendant's right to trial by jury was knowingly and intelligently made.

■■ The State urges that this waiver was in fact knowing and intelligent even though there is no showing on the record of defendant's acquiescence to the waiver. The State relies on the decision in *People v. Sailor*, 43 Ill.2d 256, 253 N.E.2d 397, where it was held that where a jury waiver is made in open court by counsel for defendant without any objection made by defendant, then this is deemed to be an acquiescence to the waiver. (Though in *Sailor* counsel for defendant had been privately retained, no distinction is made between jury waivers by retained or court appointed counsel. *People v. Suriwka*, 2 Ill.App.3d 384, 276 N.E. 2d 490.) While this court has generally recognized that an attorney's waiver of his client's right to a jury trial, in open court without the client's objection, will normally bind the client to the waiver, it has also recognized that no precise standard exists to determine if this type of waiver was understandingly made. The particular facts of each case must still be examined by the reviewing court. *People v. Kaprelian*, 6 Ill.App.3d 1066, 286 N.E.2d 613.

■■ The record of the instant case shows that defendant was arrested on the morning of February 8, 1973, was tried, convicted, sentenced and filed his notice of appeal all on the same day. In *People v. Baker*, 126 Ill.App.2d 1, 262 N.E.2d 7, and *People v. Boyd*, 5 Ill.App.3d 980, 284 N.E.2d 699, this court reversed jury waivers made by the Public Defender appointed to represent a defendant just prior to the case going to trial. In *Boyd*, discussing *Baker* and *Sailor*, we stated:

"In *Baker*, the defendant went to trial with a lawyer furnished a few minutes before. The Assistant Public Defender stated that the defendant waived his right to a jury trial. The factual situation in the case at bar is practically identical to the factual situation in *Baker*. Therefore, the rule of the *Sailor* case does not apply to a case in which a defendant appears in court without counsel and is furnished one the moment when he goes to trial *and the record does not show that the defendant knew or was informed of his right to trial by jury.*

In the case at bar, the Public Defender was appointed moments before the trial began. There was no recess in the proceedings for defendant to consult with this newly appointed counsel. *The record does not affirmatively show that the defendant knew or was informed of his right to trial by jury and therefore his jury waiver was not made knowingly and understandingly.*" (5 Ill.App.3d at 982.) (Emphasis added.)

The State attempts to distinguish *Baker* and *Boyd* from the instant case by saying that in those cases counsel was appointed prior to trial and the only opportunity for any consultation was a brief, off the record dis-

cussion with no time for a meaningful consultation regarding any waiver of rights. The facts of the instant case; the offense, the arrest, the trial, and the beginning of the appellate process in the span of one day, demonstrate that as in *Boyd* and *Baker*, counsel would have to have been appointed just prior to going to trial. Our reading of the record confirms this. There is a lack of any affirmative showing or any basis to presume that defendant knew or was informed of his right to trial by jury. As a result, it has not been shown that the jury waiver was knowingly and intelligently made.

In view of this conclusion, we need not consider defendant's other contentions. For the reasons given above, the judgment of the Circuit Court of Cook County is reversed and the case remanded for a new trial.

Reversed and remanded.

BURMAN and DIERINGER, JJ., concur.