THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ABRAHAM BENFORD, Defendant-Appellant.

(No. 59833;

First District (2d Division)—August 26, 1975.

James J. Doherty, Public Defender, of Chicago (Edmund B. Moran, Jr., Ronald P. Alwin, and Shelvin Singer, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Scott W. Petersen, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This was a prosecution for battery in which defendant waived trial by jury, was convicted and sentenced to 5 days of imprisonment. He appeals on a record that shows the following facts.

On the afternoon of Saturday, October 6, 1973, defendant was arrested when a woman complained that he attacked her in the ladies' lounge of the Shangri-La Theatre in Chicago. He was released on bond the same day and given instructions to appear in court on November 2. He did as he was directed. The complaining woman was present. She was questioned concerning her accusations; and thereafter, the prosecution was granted leave to file her complaint, thus beginning the adversary judicial proceedings against defendant.

These disclosed that he was 20 years old, married and had been a Chicago resident for 17 or 18 years. He was a machinist for the Encyclopedia Britannica company on North Michigan Avenue in Chicago. The trial judge explained the charges and the sentence that could be imposed in the event of conviction. Defendant was told about his right to counsel, and that an appointment would be made if he could not pay for one. Defendant answered all the questions asked of him, told the court he was indigent, but said nothing about having needed counsel during the period between his arrest and the court appearance. The public defender was appointed to represent defendant, and the case was passed to enable counsel and client to confer.

Thereafter, the assistant public defender announced he was ready and that defendant wanted a nonjury trial. On being so advised, the trial court explained to defendant the nature of the right to trial by jury; and after noticing his reactions to the explanations, it found that defendant understood his constitutional rights and waived them. The trial then proceeded on the complaint for battery.

The complaining woman and her husband were the prosecution witnesses. Each was cross-examined on defendant's behalf by his court-appointed counsel. After the State had rested its case, defendant's lawyer called the arresting officer as a defense witness. Apparently, counsel had learned, either from defendant or from some other source, that at the scene of the offense the woman told a policeman it was her belief that when defendant struck her he did not mean to hurt her. The officer was asked about this, but his answers did not support the defense theory. Then, defendant was called as a witness on his own behalf and rested his

case at the conclusion of his testimony. He was found guilty. The court sentenced him. On his behalf, the assistant public defender made a motion for a new trial and one in arrest of judgment, all denied by the court. Neither defendant nor his counsel made any claim that he had been deprived of counsel during the period between his arrest and the court appearance. No complaint was made by defendant that, in any way, he had been denied effective assistance of counsel at his trial.

In this appeal, however, defendant, still represented by the public defender, does not question the sufficiency of the evidence, but instead presents two issues, both concerning his right to counsel: (1) Whether he, an indigent, was denied equal protection and due process of law when no means were provided him nor any allowed him by which he could communicate and consult with an attorney within a reasonable time after his arrest and removal to the first place of his confinement; (2) Whether he was denied effective assistance of counsel and due process of law when an assistant public defender was appointed to represent him on the date of his trial, and that assistant, following a temporary passing of the case, proceeded to trial on the same day.

We have been advised, in the course of this appeal, that these issues are complex, far reaching, and of constitutional dimensions. In fact, at oral argument of the cause, presentation on defendant's behalf was begun by an assistant public defender who told us that this case "* * * presents one of the most important issues, from a practical and legal standpoint, to face a reviewing court * * *" of this State. Having been alerted by these claims, we examined the record and observed from its first entry that adversary judicial proceedings against defendant were initiated on November 2, 1973, when the complaint against him was filed. He was arrested on October 6, nearly 30 days before. The only record entry touching on events before filing of the complaint was the bond defendant made at a police station on the day he was arrested. The record does not contain anything about defendant's confinement; it does not contain any defense motion, affidavit by defendant, claim by him, entry or document which shows that he was subjected to custodial interrogation; nothing in it suggests that defendant, at any time after his arrest, requested and was denied counsel.

■■ In an appeal, the purpose of review is to evaluate the record of the trial court, and, in general, the review will be limited to what appears in the record. (*People ex rel. Walker v. Pate*, 53 Ill.2d 485, 292 N.E.2d 387.) Responsibility for preservation of a record that properly reflects the proceedings in the trial court rests on the appealing party. (See *People v. Smith*, 42 Ill.2d 479, 248 N.E.2d 68.) In a criminal case, if a defendant presents an issue concerning his right to counsel, the reviewing court is

required to resolve that issue solely on the record as it discloses what transpired in the trial court. (See *People v. Lance*, 25 Ill.2d 455, 185 N.E. 2d 221.) For these reasons, a question not presented by a record will not be considered on review. *People v. Rose*, 19 Ill.2d 292, 166 N.E.2d 566.

 In the case before us, the record does not contain any entry which suggests that prior to the day of his trial defendant had been subjected to an adversary judicial proceeding. (Compare *Kirby v. Illinois* (1972), 406 U.S. 682, 688, 32 L.Ed.2d 411, 92 S.Ct. 1877; *People v. Mueller*, 54 Ill.2d 189, 295 N.E.2d 705.) Nor does the record show any occasion, prior to his trial, for defendant to have been furnished counsel. (See *Escobedo v. Illinois* (1964), 378 U.S. 478, 12 L.Ed.2d 977, 84 S.Ct. 1758; *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602.) Therefore, the issue whether defendant was denied counsel in the period before his trial is not presented by the record. *People v. Reese*, 54 Ill.2d 51, 294 N.E. 2d 288.

As to the remaining issue, it appears that when defendant was furnished with counsel in the trial court, it was the public defender of Cook County who was appointed. When defendant was furnished counsel in this appeal, again it was the public defender of Cook County who was appointed and who appeared in this court. In both instances, defendant's case was handled by different assistant public defenders. True, they were assistants; but they were appointed by the public defender and served at his pleasure. (See Ill. Rev. Stat. 1973, ch. 34, par. 5606.) And responsibility for the cases they handled rested on the public defender, even though in particular matters the duty to appear in court was delegated to them. (Compare *People v. Mitchell*, 33 Ill.2d 603, 213 N.E.2d 514.) When the public defender of a county is appointed for an indigent in a criminal case, it is the office of the defender that is appointed. (*People v. Gray*, 4 Ill.App.3d 934, 282 N.E.2d 189.) In legal contemplation, then, it is the public defender who is in court after he is appointed, although he may appear there through appointed assistants. (See *People v. Birdette*, 22 Ill.2d 577, 177 N.E.2d 170.) Therefore, in this appeal, when it is argued that defendant was denied effective assistance of counsel because an assistant public defender proceeded to trial on the day counsel was appointed, the public defender in this court is questioning the failure of his actions in the trial court. In our judgment, this kind of appellate tactics raises a serious question concerning professional responsibility. In fact, we had occasion in *People v. Dread*, 27 Ill.App.3d 106, 327 N.E.2d 175, to raise this question which, in our view, arose from similar tactics. And speaking in admonitory terms, we questioned the propriety of such conduct by the public defender. (See 27 Ill.App.3d 106, 112.) Now, faced with the same question, we will go further and say the conduct is improper. In our judg-

ment, when the public defender in this court believes that his conduct through assistants in the trial court is ground for reversal of a conviction, he should request the appointment of other counsel for the appeal. (See *People v. Husar*, 22 Ill.App.3d 758, 318 N.E.2d 24.) Moreover, a defendant is not permitted to complain of an alleged error that was invited by his behavior and that of his attorney. *People v. Novotny*, 41 Ill.2d 401, 244 N.E.2d 182; *People v. Washington*, 115 Ill.App.2d 318, 253 N.E.2d 677.

In this case, the question we asked in *Dread* has an added significance. The record before us does not support the argument that is made. For example, the report of proceedings shows that at his trial defendant appeared to be a well-adjusted adult who understood every facet of the prosecution in which he was involved. Although he could have, he did not request a continuance. In answer to questions asked him, he disclosed his indigency and asked for appointment of counsel to defend him. His request was granted and the case was passed to allow counsel and client to confer. The record reflects the court's decision that the trial was to proceed later in the day. However, it does not disclose the length of time defendant and his counsel had for consultation. In any event, it appears from his handling of the defense, that the assistant public defender, in the time given him, was able to understand defendant and the theory of his case. No request for a continuance was made; no objection was expressed by defendant in the immediate trial on which the court embarked.

■■ In the absence of a request either by a defendant or his counsel for the continuance of a case, there is a presumption that they are ready and prepared. (*People v. Jones*, 9 Ill.2d 481, 138 N.E.2d 522; *People v. Sulton*, 130 Ill.App.2d 1098, 266 N.E.2d 351.) A defendant who neither requests nor is refused additional time to prepare for trial, and is represented by counsel with whom he confers, cannot claim that undue dispatch in beginning his trial denied him effective assistance of counsel. (*People v. Coleman*, 45 Ill.2d 466, 259 N.E.2d 269; *People v. Kendall*, 7 Ill.2d 570, 131 N.E.2d 519; compare *People v. Husar*, 22 Ill.App.3d 758, 318 N.E.2d 24.) Of course, facts *dehors* the record may show that in violation of his right to effective assistance of counsel a continuance was not requested on a defendant's behalf. But such facts, because they are not part of the record on appeal, might be grounds for a proceeding under the Post-Conviction Hearing Act. See *People v. Murrell*, 20 Ill.App.3d 789, 314 N.E.2d 467; *People v. Warr*, 54 Ill.2d 487, 298 N.E.2d 164; *People v. Morris*, 3 Ill.2d 437, 121 N.E.2d 810; Ill. Rev. Stat. 1973, ch. 38, pars. 122—1 *et seq.*

■■ Therefore, we conclude that in this appeal, the entire argument of the public defender is conjectural, one based on a record that is incom-

plete. Where the record of an appeal is incomplete, we will indulge in every reasonable presumption favorable to the judgment, order or ruling appealed from, including that the trial court ruled or acted correctly. And any doubt arising from incompleteness of the record will be resolved against the appellant. (*People v. Williams*, 59 Ill.2d 402, 320 N.E.2d 849; *People v. Zimmerman*, 57 Ill.App.2d 190, 206 N.E.2d 741; 2 Ill. L.&Pr. *Appeal and Error* § 713 (1953).) Applying these rules, we affirm the judgment of the trial court.

Affirmed.

DOWNING, P. J., and STAMOS, J., concur.