THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TIMOTHY J. ANDERSON, Defendant-Appellant.

Second District   No. 76-255

Opinion filed July 22, 1977.—Rehearing denied September 16, 1977.

Julius Abler, of Libertyville, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (Robert Snook, Assistant State's Attorney, and Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

The defendant, Timothy J. Anderson, was convicted of assault (Ill. Rev. Stat. 1973, ch. 38, par. 12—1(a)) after trial by jury in the circuit court of Lake County and was sentenced to a term of six months conditional discharge.

Defendant's sole contention on appeal is that the trial court erred in granting the State's motion in limine barring defendant from introducing evidence of a prior inconsistent statement of the arresting officer for purposes of impeachment of that witness in the trial of this cause.

The record provided to us in this appeal is sparse and does not include a report of the proceedings at trial. While we do not know what the testimony of the witnesses was, in his reply brief defendant states that he does not contend that the jury did not have presented to it sufficient evidence to find him guilty agreeing, "The jury had sufficient evidence before it to support such a finding." We consider the alleged error in that light.

It appears defendant was originally charged with disorderly conduct on November 22, 1975, and was then issued a nontraffic complaint and arrest ticket by Deputy Wilbur Marks stating the offense occurred, in part, by defendant making a fist and raising his arm at the officer. Later that day, Deputy Marks filed his offense report in which he described defendant's conduct, in part, as "making fists and raising his hands" as he walked towards the officer. On November 25, Deputy Marks signed a verified complaint charging defendant with assault describing the pertinent conduct therein as making a fist with both hands.

The trial court considered there was little difference between these accounts of the occurrence and declined to permit defendant to examine Deputy Marks in trial regarding the first arrest ticket.

■■ It appears to us from the comments of the trial court in granting the motion in limine that he had in mind that an assault may be established whether defendant, in advancing upon the officer, had one or both hands upraised and clenched into fists; either number of fists would suffice to prove that element of the offense. When the issue is considered in terms of impeachment of the witness, however, it is clear that the first description of defendant's conduct was inconsistent with the second in

the number of fists being raised and could be material to the issue of whether the claimed conduct of defendant caused the officer reasonable apprehension of receiving a battery, a necessary element of the offense, and should have been admitted. *People v. Henry* (1970), 47 Ill. 2d 312, 265 N.E.2d 876; *People v. Moses* (1957), 11 Ill. 2d 84, 142 N.E.2d 1; *People v. Boyd* (1974), 22 Ill. App. 3d 1010, 318 N.E.2d 212.

■■■ Having determined that a trial error did occur then we must consider the application of the rule that exclusion of evidence designed to impeach a witness or affect his credibility will constitute reversible error where such exclusion is shown to have a prejudicial effect. (*People v. Boyd* (1974), 22 Ill. App. 3d 1010, 318 N.E.2d 212; *People v. Jackson* (1971), 2 Ill. App. 3d 297, 275 N.E.2d 737.) The record does not disclose what testimony was given by Deputy Marks or any other witness. We cannot determine from the incomplete record whether in the context of the testimony given in trial the restricted statement was actually of an impeaching nature; nor can we determine that its exclusion had a prejudicial effect upon the outcome of the case. Was the evidence overwhelmingly against defendant or was it so close that the scales might be tipped in his favor had the excluded matter been allowed? The latter seems unlikely in view of defendant's acknowledgment the evidence presented was sufficient to support the guilty verdict and we may not assume otherwise. As stated in *People v. Benford* (1975), 31 Ill. App. 3d 892, 897, 335 N.E.2d 106, 110,

> "Where the record of an appeal is incomplete, we will indulge in every reasonable presumption favorable to the judgment, order or ruling appealed from, including that the trial court ruled or acted correctly. And any doubt arising from incompleteness of the record will be resolved against the appellant. [Citations.]"

While trials are seldom totally free from error, it is only when it has been shown that an error had a prejudicial effect that a cause must be reversed. There is no such showing here.

Judgment affirmed.

RECHENMACHER, P. J., and BOYLE, J., concur.