THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WALLACE MOORE *et al.*, Defendants-Appellants.

First District (4th Division)   Nos. 62218-62224, 62056-62057, and 63193 cons.

Opinion filed September 22, 1977.

Patrick A. Tuite and Melanie Vogl, both of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Eugene J. Rudnik, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is a consolidated group of appeals from the circuit court of Cook County. The appellants originally moved for the consolidation of the first

nine cases and the tenth case was joined thereafter. The defendants were all convicted of obscenity in violation of section 11—20 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 11—20), and were fined. They are appealing from these convictions.

All the defendants are represented by the same counsel on review and they all raise one issue only in support of their appeal, (1) whether or not the State failed to prove the requisite element of scienter needed for an obscenity conviction.

Case number 62218 is the case of People v. Wallace Moore. On the 31st of July, 1973, Chicago police investigator George Carey entered Leslie's Adult Book Store at 731 North Clark Street. He paid $10 for a magazine entitled "Horny Fuck." He paid the defendant who was employed as a cashier in the store. It was necessary for the defendant to look at the cover of the magazine to determine the price. The cover of the magazine depicts a female, naked from the waist up, performing fellatio upon a male.

Case number 62219 is also People v. Wallace Moore. On February 7, 1974, Chicago police investigator Stratford Peterson entered Leslie's Adult Book Store at 731 North Clark Street. He paid the defendant $10 for a magazine entitled "Private Issue 'D'." The defendant checked the cover of the magazine to determine the price. The cover of the magazine depicts a woman, nude from the waist down, about to perform copulation. The female has her legs spread and her genital area is completely exposed to view.

Case number 62220 is the case of People v. Caesar J. Serafini. On April 8, 1974, Chicago police investigator Stratford Peterson entered the Venus Adult Book Store at 4751 North Pulaski. He purchased a copy of a magazine entitled "The Happy Hooker, She Loves Her Work" for $7.50. The defendant determined the price of the magazine by reading it from the cover. The cover of the magazine shows a woman performing fellatio upon a male.

Case number 62221 is the case of People v. Michael Barton. On March 4, 1974, Chicago police investigator Stratford Peterson entered Lady Chatterly's Adult Book Store, located at 3910 North Sheridan Road. He purchased from the defendant a copy of "Ram Rod" magazine for $5. The defendant looked at the cover of the magazine in order to determine the price. The cover of the magazine depicts a woman astride a man with both of their genital areas exposed.

Case number 62222 is the case of People v. William G. Allen. On March 11, 1974, Chicago police investigator Stratford Peterson entered the Gigi Adult Book Store located at 4001 West Armitage Avenue. He paid Mr. Allen a $1 admission charge and then proceeded to pay Mr. Allen an additional $9 for a copy of "French Luv." Mr. Allen checked the cover of

the magazine to determine the price. The cover of the magazine depicts a man performing cunnilingus on a female.

Case number 62223 is the case of People v. John Lee. On June 29, 1973, Investigator Peterson entered Lady Chatterly's Adult Book Store at 3910 North Sheridan Road. He purchased from the defendant for $5 a copy of "Sexual Freedom Now." The defendant looked at the cover of the magazine to determine the price. The cover of the magazine had three photographs. One photograph depicts a man performing cunnilingus on a female. One depicts a couple engaged in the act of intercourse viewed from the genital area. The last photograph depicts a female performing fellatio on a male.

Case number 62224 is the case of People v. John Callahan. On May 17, 1974, Investigator Peterson entered the TJ Adult Book Store. He paid $1 admission to the defendant and then purchased "Sauchen," a magazine, for an additional $5. The defendant looked at the cover of the magazine in order to determine the price. The cover of the magazine depicts a woman holding a man's penis about one-half inch from her face.

Case number 63193 is the case of People v. Wallace Moore. On December 10, 1974, Investigator Peterson entered Leslie's Adult Book Store at 731 North Clark Street. He purchased a magazine entitled "Prince" from the defendant. The cover of the magazine depicts a nude female from the front view. In large print is the caption, "A new style in pornography."

The exhibits in case numbers 62056 and 62057 were lost in the trial court and are not available to this court. They will be discussed separately.

The sole issue presented for review is whether or not the uncontradicted evidence presented in the trial court is sufficient to establish the defendants' knowledge of the obscene nature of the magazines.

■■■ We will first discuss the eight cases for which we have the exhibits. The defendants do not contest the well-settled principle that obscene matters are outside the protection of constitutional guarantees of free speech (*Roth v. United States* (1957), 354 U.S. 476, 1 L. Ed. 2d 1498, 77 S. Ct. 1304). Nor do the defendants contest the trial court, sitting as the trier of fact, is properly held to be the embodiment of community standards, competent to judge a challenged work against those standards (*Smith v. California* (1959), 361 U.S. 147, 4 L. Ed. 2d 205, 80 S. Ct. 215). We also note the Illinois obscenity statute (Ill. Rev. Stat. 1973, ch. 38, par. 11—20), which the defendants were charged with violating, was found to be constitutional by the U.S. Supreme Court in the case of *Ward v. Illinois* (1977), ___ U.S. ___, 52 L. Ed. 2d 738, 97 S. Ct. 2085. It is well settled in Illinois even casual examination of the cover of a magazine which is obscene is sufficient to establish defendant's liability for violation of the

78

Illinois obscenity statute. (*City of Chicago v. Doe* (1964), 47 Ill. App. 2d 460.) In the instant case the trial court found the defendants knew or should have known from the scenes on the covers of these magazines, the magazines were obscene. Considering all the circumstances surrounding the defendants in these cases: (1) their employment in "adult" book stores; (2) their observation of the covers of these magazines; (3) the titles of the magazines; (4) the price of the magazines; and (5) the sale solely to adults, the trial court was correct in determining the defendants had knowledge of the contents of the magazines and had knowledge the magazines were obscene. Accordingly, for the reasons contained herein, the judgments of the circuit court of Cook County are affirmed.

■■■ Turning to the two magazines which were lost in the trial court, where the record on appeal is incomplete, the reviewing court should base its decision on every reasonable presumption favorable to the judgment from which the appeal is taken. (*People v. Benford* (1975), 31 Ill. App. 3d 892; *People v. Johnson* (1976), 42 Ill. App. 3d 425.) In the instant case the trial court could observe the covers of the magazines and after observing them determined them to be obscene. We will not disturb the trial court's judgment, absent contrary evidence. Accordingly, for the reasons contained herein, the judgments of the circuit court of Cook County in these two cases are affirmed.

Mr. Justice Thaddeus V. Adesko had been assigned to these cases and heard the oral argument, but has since retired and this court has appointed Mr. Justice Philip Romiti to replace him. Mr. Justice Romiti has read the briefs, heard the oral argument on tape and concurs in these opinions.

All 10 cases—judgment affirmed.

JOHNSON and ROMITI, JJ., concur.